JAMES I. CRUTCHER, PLAINTIFF, *v.* E. C. STERLING, TERRITORIAL TREASURER, DEFENDANT.

TAXES.—Taxes are payable in the legal currency of the United States, at its face value.

TERRITORIAL TREASURER.—The territorial treasurer must pay the territorial indebtedness in such funds as he receives. He can not legally pay in any other funds.

COLLECTORS OF TAXES.—The tax collectors of the several counties in the territory have no right to demand the payment of taxes in gold coin, or in anything but the legal currency of the United States at its par value; and they must pay over the same kind of funds received by them.

ADJOURNED into the supreme court, from the district court, second judicial district, Boise county.

*Ainslie & Foote and Samuel A. Merritt*, for the plaintiff.

*George C. Hough and E. J. Curtis*, for the defendant.

NOGGLE, C. J., delivered the opinion, LEWIS, J., concurring.

This action comes into this court under the provisions of that singular statute found in the laws of the first session of the legislature of this territory, section 336, on page 153. The facts are agreed upon, and the case was submitted to the district court for Boise county on the second day of

November, 1868. From some cause which we do not un-
derstand, the district court did not decide the case; but
under a still more remarkable statute of the same session,
section 326, p. 150, adjourned the cause into this court for
decision. Notwithstanding there seems to be law for sub-
mitting and adjourning cases into this court, justice re-
quires a suggestion, that all matters submitted to any of
the district courts hereafter had better be determined by
that court, and if parties desire to have such decisions re-
viewed by this court, they can reach that end under the law
as it now stands, without compulsion or dictation on the
part of the district judge. This case, upon which the opin-
ion of the supreme court is required, is contained in an
agreed statement of facts, filed with the clerk of the district
court in Boise county November 2, 1868, and now on file in
this court, the matter having been adjourned by the dis-
trict court into this court, under said section 326 of the laws
of the first session aforesaid, for decision.

All there is of the case upon which this court can act is
the statement of facts on file with the clerk of this court, as
before stated, and which has been read upon the argument.
From this it sufficiently appears that the plaintiff was the
sheriff of the county of Boise, and keeper of the prison as
therein stated; that as lawful holder and owner of territo-
rial warrant No. 52, drawn upon the prison fund, for the
sum of five hundred dollars and interest thereon at the rate
of ten per cent. per annum until paid, the plaintiff did, on
the third day of September, 1867, present said warrant
to the defendant as territorial treasurer for registration, and
that the same was on that day duly registered by him as
such territorial treasurer. The plaintiff claims payment of
said warrant in the legal coin of the United States, or in
foreign coin at the value fixed for each coin by the United
States, or in bullion at its coin value, or in legal-tender
treasury notes at two per cent. above San Francisco quota-
tions, as provided by section 2 of the revenue law of this
territory, passed at the fourth session of the legislature,
and approved January 11, 1867, requiring the revenue of

this territory to be so collected, and that the territorial proportion thereof be passed to the various funds as collected.

It is further claimed by the plaintiff that before the commencement of the proceedings aforesaid, he duly presented the said warrant, for payment, to the defendant as treasurer as aforesaid, and demanded payment thereof out of said prison fund, in legal coin of the United States, or in foreign coin at the value fixed for such coin by the laws of the United States, or bullion at its coin value, or in legal-tender treasury notes at two per cent. above San Francisco quotations, and that payment thereof in such funds was then and there by him refused; that he still refuses to redeem or pay the same, except in the legal-tender notes of the United States at their par value.

It is further claimed by the plaintiff that if he is compelled to take legal-tender treasury notes of the United States at their par value in payment of said warrant, principal and interest, instead and in place of the gold coin of the United States, at its standard value, he will sustain a loss, and will be damaged in the sum of one hundred and forty dollars, the difference in the actual value of such notes and coin, as before stated.

The plaintiff also claims that by chapter 25 of the laws of the third session, the county jail of Boise county is made a temporary territorial prison, and that the sheriff of said county is thereby made the keeper thereof (section 2, page 161), and that by section 14 on page 163, of the same act, his compensation is fixed; that he is entitled to receive his compensation from the territorial prison fund, as provided in section 5 on page 161, of said laws, at the rates allowed by section 14 of said act, on page 163.

We do not feel called upon in this case to pass upon the point made on the part of the plaintiff, " that the law requiring taxes to be paid in coin is not in conflict with the act of congress making greenbacks a legal tender for all debts." Neither is it necessary for us in this case to declare that chapter 21 of the laws of the second session, page 449, is in conflict with the laws of congress.

As the case is presented, and as the facts are conceded to

be upon the argument, the treasurer of the territory is bound to pay out, upon all such warrants, and upon all warrants, the same kind of funds which he receives for taxes. This being the case, it becomes his duty to require such funds as may legally be received in payment of taxes, and then he is bound to pay out the same, or sufficient thereof to discharge the legal demands against the territory. For the purpose of this case it is immaterial whether the law requiring taxes to be collected in coin was in conflict with the law of congress or not, or whether a tax is a debt. The plaintiff is entitled to have his warrant paid in the same kind of funds that have been paid into the treasury from the collections of the revenue.

The most important question remaining to be disposed of by the court is the one relating to the character of the funds which are now in the hands of the defendant, as treasurer, or which may hereafter be collected by him under the laws now in force, and as the same was in force at the time this action was commenced.

This court, therefore, may safely admit that the plaintiff is correct in claiming that a tax is not a debt, and that the laws of Idaho territory requiring the payment of taxes in gold, or its equivalent, are not in conflict with the law of congress making greenbacks a legal tender for all debts.

The plaintiff's counsel admit that by the laws of this territory now in force, the collection of taxes in coin can not be enforced, and that the revenue of the territory can only be collected in the legal currency of the United States, at its par value. (See the laws of the fifth session, chap. 1, sec. 2.) This law enacted at the last session of the legislature of the territory is now and must continue in force until changed or repealed by the power that enacted it.

The counsel for the plaintiff further admits that at the August term of this court, in 1867, it was decided by the highest legal tribunal in this territory, that the laws requiring the payment of taxes in coin, or its equivalent, are in conflict with the law of congress making greenbacks a legal tender for all debts, and therefore void. See the opinion of Justice Cummins, delivered at the January term of this

court in 1868, in the case of *Haas* v. *Lamkin*, as evidence of the fact admitted as above.

This court is of the opinion that from the time of making the decision in the case of *Haas* v. *Lamkin*, it so far became the law of this territory that the defendant, as treasurer, was bound by it. It was not then and has not since that time been in his power to disregard it, no matter how erroneous that decision may have been; it was made in a case properly before the court, of which it had ample and complete jurisdiction.

If a majority of the judges concurred, as it appears they did, even if one of their number dissented, the decision of the court, from the time it was declared, became the law of that case and of that question, and must remain the law of the territory until overruled by this court, or reversed by some proper appellate tribunal, or until it is superseded by proper legislation. The case of *Lane County* v. *Oregon* has been so recently decided, that it in no way affected the former decision of this court, or the defendant as treasurer prior to the passage of the law now in force relating to the collection of taxes, which law is now at least in harmony with the law of congress.

As a part of the stipulation signed by both parties in person, and by their attorneys, as submitted to the court, it is agreed "that the territorial portion of the revenue now (*i. e.*, on the second day of November, 1868), in the territorial treasury, and apportioned to the various funds as by law directed, was collected in United States legal-tender treasury notes, at their par value, by reason of a decision of the supreme court of Idaho territory, rendered in said court at the August term thereof in 1867, and delivered on the twenty-first day of January, in 1868, wherein said law was decided to be in conflict with the law of congress of February 25, 1862, and therefore unconstitutional and void." If the plaintiff ever had a cause of action against the defendant, the foregoing agreement and stipulation put an end to the validity of such a claim.

The parties in this case are before this court upon a statement of facts agreed to by them, wherein they stipulate and

agree that "the territorial portion of the revenue now in the territorial treasury, and apportioned to the various funds as by law directed, was collected in United States legal-tender treasury notes at their par value, by reason of a decision of the supreme court of Idaho territory. That being the case, and that decision of the court being the declared law of the land, then and since, this court is of the opinion that the action of the defendant in this matter has been proper. By law the defendant has no alternative; he must pay over to the officer, person, or persons, entitled by the laws of this territory to receive the same, such funds as he receives in collecting the territorial revenue. (Section 1, chapter 20, of the laws of the third session—an act to provide for the better protection and disbursement of public moneys.) According to section four of the same act, if the defendant should, as territorial treasurer, attempt to comply with the demand of the plaintiff and pay his warrant, No. 52, in coin or its equivalent, he, having collected the territorial revenue in currency at its par value, as stated in the stipulation aforesaid, would be deemed guilty of felony, and upon conviction thereof in a court of competent jurisdiction, he must be punished by imprisonment in the territorial prison for a period of not less than one year nor more than five years, or by fine not less than five hundred dollars nor more than ten thousand."

It is the opinion of this court that the defendant may properly discharge warrant No. 52, and all others presented to him for payment, in the legal-tender notes which he has received, as such treasurer, in collecting the territorial revenue at their par value. This we think is strictly in harmony with the further stipulation of the parties, "that the plaintiff is entitled to receive from the defendant, as such treasurer, payment of said warrant out of such moneys and funds as the court may decide are only receivable for taxes and demands on the territory under the revenue laws," etc.

Believing that the defendant has complied with the law, the court is of the opinion that the plaintiff has failed to establish a cause of action against him, and for the reasons aforesaid, it is the order and direction of the court that the action be and the same is hereby dismissed at the cost of the plaintiff.