## Joel Dalby

v.

## The People of the State of Illinois.

*Filed at Springfield March 28, 1888.*

1. PLEADING—*of the declaration—in debt to recover tax on personal property.* A count in a declaration in a suit to recover a personal property tax, in attempting to present a case for the assessment of the property to the defendant at a place other than that of his residence, on the ground that the defendant carried on his business there, as contemplated by section 13 of the Revenue law, will be defective if it omit to show that such business was one of the kinds of business specified in that section.

2. TAXATION—*action to recover personal judgment for taxes—in whose name to be brought.* Under section 230 of the Revenue law, the county board may bring an action of debt, in the name of the People, for the whole amount due on forfeited property, or it may sue, in its corporate name, for the county tax alone, leaving the other corporations to sue for the taxes due them. If the county sues, in the name of the People, for the recovery of any personal tax, a recovery may be had of the entire personal tax, and the county, on collection of the same, will be required to pay over to the several municipal corporations their respective shares.

3. SAME—*personal property in hands of agent—at what place and in whose name to be assessed.* Where the owner of cattle not attached to any farm, places them in the charge of an agent in a town other than that in which the owner resides, to look after them and feed them, they will properly be listed and assessed in the town where they are in the hands of the agent. The property, in such case, should be listed and assessed in the name of the agent, but the listing and assessing of the same in the owner's name will not invalidate the taxes levied thereon, and such owner will not be allowed to complain of such informality.

4. ERROR WILL NOT ALWAYS REVERSE—*overruling demurrer to defective count.* The error in overruling a demurrer to a defective count in a declaration, will be held immaterial, when the evidence makes no case under such count.

APPEAL from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

This was an action of debt, brought by the county board of Sangamon county, in the name of the People, against Joel Dalby, to recover the taxes levied against the defendant for

the year 1881, on a lot of cattle. The declaration contained seven counts, as follows:

·"*First*—That defendant is indebted to the·plaintiff in the sum of $234.23, on account of taxes, as follows: State tax, $61.62; county tax, $40.48; town tax, town of Clear Lake, $5.05; road and bridge tax, $18.38; district school tax, $102.70, heretofore levied against defendant and now upon assessment book, roll and other tax books for the year 1881, of the town of Clear Lake, Sangamon county, Illinois, and which were duly returned delinquent by the county collector of Sangamon county for the year 1881, and are still due and unpaid, and were assessed and levied for the year 1881, to and against defendant, and upon divers stock, cattle and sundry personal property of defendant assessed for taxation for the year 1881 by the assessor of Clear Lake township, Sangamon county. Said stock, cattle and personal property were held and owned by defendant on May 1, 1881, and were not *in transitu* on that day, but were situated in school district No. 6, township 16 north, range 4 west, third principal meridian, in town of Clear Lake, Sangamon county, Illinois, in the hands of an agent or agents, the said school district being the place within which the business of such agent or agents was at that time carried on, wherefore, etc.

"*Second*—Whereas, also, on December 20, 1881, defendant was and still is indebted to plaintiffs in the sum of $234.23, for and on account of divers taxes, being, (same taxes as set out in first count,) heretofore levied against said defendant, and now upon the assessment book or roll, and other tax books for 1881 of the town of Clear Lake, Sangamon county, Illinois, and which were duly returned as delinquent for the year 1881 by the county collector of the county of Sangamon, and are still due and unpaid, and were assessed and levied for the year 1881, to and against the defendant, and upon divers stock, cattle and sundry personal property of said defendant, assessed, as aforesaid, for taxation for the year 1881, by the

assessor of the town of Clear Lake, in the county of Sangamon, Illinois, which said stock, cattle and sundry personal property were held and owned by said defendant, as aforesaid, on May 1, 1881, and were not *in transitu* on that day, but were situated in school district No. 6, township 16 north, range 4, west of third principal meridian, in town of Clear Lake, Sangamon county, Illinois, said school district in said township being the place within which defendant carried on his business, wherefore, etc.

"*Third*—For that, etc., on May 1, 1881, the defendant was a resident of school district No. 6, town 16 north, range 4 west, third principal meridian, in town of Clear Lake, Sangamon county, Illinois, and was owner of six hundred head of cattle and other personal property within said district and town, which he duly listed as required by statute, a statement of which property, in the form provided by statute, signed and sworn to by him, he delivered, on May 2, 1881, to the assessor of the town of Clear Lake, Sangamon county, and thereupon the assessor assessed the value of said property at $12,320, and entered the same upon the assessor's books of said township for 1881, which assessed value was reduced by the county board, at its July meeting, 1881, in equalizing valuations between towns in said county, to $11,211, and was further reduced by the State Board of Equalization to $10,810, and upon this latter valuation a personal property tax was levied against said defendant, (same as set forth in first count); that said property was not *in transitu,* that said several items of tax were duly extended by the county clerk upon the tax collector's books for the year 1881, and the books were delivered to the town collector on December 20, 1881, with warrant thereto attached, as required by law; that the town collector duly demanded said taxes from the defendant; that defendant refused to pay; that the town collector used due diligence to collect the tax; that no personal property of defendant could, at that time, be found in the town, out of which the taxes could

be made; that the town collector returned said taxes as delinquent, to the county collector; that the county collector duly demanded said taxes from the defendant, and he refused to pay, and the county collector returned them delinquent to the county clerk on — day of ——, 1882; that said taxes are still due and unpaid, and now appear upon the assessment rolls, books, etc., for said year, on file in the county clerk's office as delinquent and unpaid, by means whereof, etc.

"*Fourth*—Whereas, on May 1, 1881, defendant held and owned certain stock, cattle and sundry personal property, which were, on that day, situated in, (same district, town, etc.,) in the hands of an agent or agents; that said school district being the place where the business of such agent or agents was at that time carried on, and which stock, cattle, etc., were duly listed for taxation, as required by the statute, on the 2d day of May, 1881, to the assessor of said town, and thereupon said assessor assessed the value of said property at $12,320; that said assessed value was, by the action of the county board and State Board of Equalization, duly changed to $10,810, and upon this latter valuation a personal property tax was levied against said defendant to the amount of, (same items of tax and aggregate as in first count); that said property was not *in transitu;* that said State, county, town, road and bridge and school taxes were duly extended by the county clerk for the year 1881, on the tax collector's book for the town of Clear Lake; that said book was delivered to the collector of the town on December 20, 1881, with proper warrant attached; that the town collector, while so having said book and warrant, demanded said taxes from defendant, who failed and refused to pay them; that said town collector used due diligence to collect said taxes, and that no personal property of defendant could be found in the town, at that time, out of which said taxes could be made; that the town collector duly returned them to the county collector as delinquent; that the county collector then demanded them from defendant, and he refused

to pay, and the county collector returned them to the county clerk as delinquent, and they now appear as due and unpaid on the collector's books, returns, etc., for said year, on file in the county clerk's office, by means whereof, etc.

"*Fifth*—Whereas, on May 1, 1881, defendant then being a merchant and manufacturer, and doing business in school district No. 6, township 16 north, range 4 west, third principal meridian, in town of Clear Lake, Sangamon county, Illinois, was the owner of certain personal property within said district, county and State, to-wit, six hundred and sixteen head of cattle and other personal property, which he duly listed for taxation, as required by statute, on May 2, 1881, to the assessor of said town, and thereupon said assessor assessed the value of said property at," etc. (Otherwise this count is exactly like the fourth.)

The sixth count is the common count for taxes and interest, and the seventh the common count for interest. A demurrer was filed to the first, second and fourth counts, which the court overruled. The facts appear in the opinion of the court.

Messrs. CONNOLLY & MATHER, for the appellant:

The first count was bad, because it shows that at the time the property was assessed to the defendant, it was in the hands of an agent, and that the agent carried on his business at the town and school district where it was assessed.

By clause 10 of section 6 of the Revenue law, the property of manufacturers and others, in the hands of an agent, shall be assessed by and in the name of the agent, and by section 9 of the same law, property in the hands of agents shall be listed and assessed where the business of such agent is carried on. The property, therefore, was wrongfully assessed to the owner. It should have been assessed in the agent's name.

The second count was bad, because it sought to make the cattle assessable to defendant in the school district and town where they were assessed, not because he resided there, but

because he carried on his business there. It sought to show an assessment under section 13 of the Revenue law. That section relates to property of banks, bankers, brokers, stock-jobbers, insurance companies, hotels, livery stables, saloons, eating-houses, merchants, etc., not specially provided for. This count fails to show what kind of business the defendant carried on. The fourth count is bad for the same reason as is the first. The other counts fail to show any liability.

The county, in a suit to collect a delinquent personal property tax, can recover only the taxes due to the county. It can not collect State and other taxes than those belonging to the county.

Messrs. CONKLING & GROUT, and Messrs. PATTON & HAMILTON, for the appellee:

Two questions are presented: First, is the appellant personally liable for the taxes involved in the case; and second, if liable, can the plaintiff recover the whole amount of taxes, or only the county tax?

All personal property having a *situs* in this State on the first day of May of any year, is subject to assessment and taxation, except so much thereof as may be exempt. Revenue Law, sec. 1.

The Revenue law provides for the listing and assessing of property. The first is the act of the person owning or controlling property, and the latter is the act of the assessor.

Section 6 provides that every person shall list his personal property, and that held by him as agent, etc. By clause 10 of that section, the property in the hands of an agent shall be listed by and in the name of such agent, and section 9 requires such property to be listed and assessed at the place where the business of the agent is carried on. Section 19 requires that the agent shall list such property separately from his own, specifying the name of the owner. Under these sections the assessment may be against the agent or against the principal.

No error or informality shall vitiate the tax. Rev. Stat. chap. 120, sec. 19; *Lyle* v. *Jacques*, 101 Ill. 649. See, also, *Lumber Co.* v. *Willetts*, 118 Ill. 559; *Mills* v. *Thorton*, 26 id. 300.

Under section 230, the county board may sue for and recover any personal property tax. The word "any" means "all," or the whole amount.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment in the Sangamon county circuit court, against the defendant, in an action of debt, brought under section 230 of the Revenue law, at the instance of the county board of Sangamon county, to recover the State, county, town, road and bridge and school taxes levied for the year 1881 on six hundred and sixteen head of cattle, assessed to the defendant by the town assessor of the town of Clear Lake, in said county, for that year.

The facts appearing from the record are, that on May 1, 1881, Joel Dalby, the appellant, then residing in Capital township, in Sangamon county, in this State, was the owner of six hundred and sixteen head of cattle. These cattle were then being fed at a distillery in school district No. 6, etc., in Clear Lake township, in the same county. They were at the distillery from October 1, 1880, until late in the summer of 1881, during which time they were in the charge of one George Dalby, of the township of Clear Lake, whose business was that of feeding these cattle. Joel Dalby carried on no business in the township of Clear Lake other than having these cattle fed, and they were not connected with a farm anywhere. George Dalby listed the cattle for taxation for the year 1881, in the township of Clear Lake, in the name of Joel Dalby, the assessor of which township duly assessed them for taxation, and upon such assessment the taxes for that year were extended on the collector's books against Joel Dalby, as the owner of the cattle.

It does not appear, and it is not pretended, that the property was assessed for taxation anywhere else.

Demurrers were overruled to three of the seven counts of the declaration. It is insisted there was error in this. The second count attempted to present a case for the assessment of the property to the defendant in the school district and town where it was assessed, under section 13 of the Revenue law, on the ground that the defendant carried on his business there. We think this count was defective, in failing to show that such business was one of the kinds of business specified in that section. But we regard the overruling of the demurrer to this count as immaterial, as the evidence made no case under that count, further than the cattle being fed, as they were, at the distillery named. The first and fourth counts set up the facts of the case as shown by the evidence, and we hold the demurrer to those counts to have been properly overruled. The cause was tried by the court, without a jury.

All the legal questions which are presented upon the record are, whether the property was properly assessed at the place where it was assessed, instead of at the defendant's place of residence, and if so, whether it should not have been assessed to defendant's agent, instead of to himself. The further question is, as to the right of the county board to recover for any more personal property tax than such as is due to the county.

Section 7 of the Revenue law provides that personal property, except such as is required in the act to be listed and assessed otherwise, shall be listed and assessed in the county, town, city, village or district where the owner resides. Section 6, item 2, provides, that every person shall list all personal property controlled by him as the agent or attorney, or on account of, any other person. Section 9 requires that the property of manufacturers and others, in the hands of agents, shall be listed and assessed at the place where the business of such agent is carried on.

Under this last section, we think the cattle were listed and assessed at the proper place,—the place where they were in the hands of the agent. The agent there did list them for taxation, but not in his own name, but in the name of Joel Dalby, the real owner. Section 6, item 2, as we have seen, provides, generally, that agents shall list all personal property controlled by them as agents; but item 10, same section, requires the property of manufacturers and others, in the hands of an agent, to be listed by and in the name of such agent, as merchandise.

Section 19 directs that persons required to list property on behalf of others shall list it separately from their own, specifying, in each case, the name of the person to whom it belongs. Under these provisions, no doubt, the property might have been assessed to the agent who had it in his charge. But is it fatal to the validity of this tax that it is assessed against the owner, instead of against his agent? The property was subject to taxation, and the owner is the person who, of right, should pay the tax. Had it been assessed against the agent, and he have paid the same, he could have had recourse to the owner for reimbursement, so that ultimately it is for the owner to pay the tax, although it may have been assessed against and paid by his agent. Why may not the payment of the tax here be enforced directly against the person who owns the property, instead of circuitously through his agent, who had the property in charge? It seems to be an ungracious defence for the owner of taxable property to make, that his agent should pay the taxes on his (the principal's) property,—to set up that his property should be taxed against his agent.

The provision of the statute for taxing property in an agent's hands against the agent, is for the purpose of subjecting all the taxable property in the State to taxation,—that in the hands of agents as well as that in the owner's own hands,— and for security of payment of the tax. The purpose was not to shift the burden of taxation from the owners of property

to their agents. There may be the case where it would be a security for enforcing the collection of taxes, to have the taxes imposed upon the agent having property in his possession, as where the owner is a non-resident, and could not be personally reached for the collection of taxes imposed upon his property in this State, which might afterward be removed. But this consideration would not apply in a case like this, where the owner and his agent both reside in the same county in this State; and the consideration, too, is one which affects the public, in securing the payment of taxes, and would not seem to concern the owner of the property taxed, as anything looking to his benefit. It would not seem to be a just cause of complaint with him, that his property was assessed to himself instead of to his agent. At least, under the circumstances of this case, we do not consider it a valid objection to the maintenance of this suit, that the property was assessed to the owner, and not to the agent who had the property in his charge.

As to the right of recovery for all the taxes, section 230 of the Revenue law, in its first clause, provides that the county board may institute suit, in an action of debt, in the name of the People of the State of Illinois, for the whole amount due on forfeited property; or any county, city, town, school district, or other municipal corporation to which any such tax may be due, may institute suit, in an action of debt, in its own name, for the amount of such tax due any such corporation on forfeited property. The second clause provides that the county board may also institute suit, in an action of debt, in the name of the People of the State of Illinois, against any person, for the recovery of any personal property tax due from such person. Thus it appears that the first clause, with respect to forfeited property, provides that the county board may sue for the whole amount of the taxes due on forfeited property, or only for the amount due the county,—the suit, in the former case, to be brought by the county board in the name of the People, in the latter case in the name of the county.

The second clause respects personal property tax alone, and provides that the county board may also bring suit, in the name of the People, for the recovery of *any* personal property tax due from any person. *Any* personal property tax due from a person, embraces every personal property tax due from the person. Had the intention been to give to the county board the right of recovery only for the personal property tax due the county, we must think the limitation to the tax due the county would have been expressly named, and the right of action have been given in the name of the county, as was done in the first clause, in providing for recovery, by a county, of the amount of the tax due the county on forfeited property. We think, under the section last named, the right of recovery here is for all these personal property taxes due from the defendant, and when recovered, it will be the duty of the county board to distribute them to the several municipal corporations to which they belong, as would have to be done in the case of a recovery by the county board, under the first clause of the section, of the whole amount of taxes due on forfeited property.

The judgment will be affirmed.

*Judgment affirmed.*