(No. 14737.—Affirmed in part.)
THE CITY OF KEWANEE, Defendant in Error, *vs.* MIKE
PUSKAR, Plaintiff in Error.

*Opinion filed April 18, 1923.*

1. CRIMINAL LAW—*the question of unlawful seizure cannot be raised merely by objecting to evidence.* In an action to recover the penalty for violation of a prohibition ordinance, the question whether articles found on the defendant's premises were seized in violation of his constitutional rights cannot be raised by merely objecting to their introduction in evidence on the trial, where no preliminary hearing is had on the question of unlawful search and seizure.

2. SAME—*courts take judicial notice that whisky is intoxicating.* In an action for a penalty for the violation of a prohibition ordinance, where it is proved that the liquor sold was whisky, the court will take judicial notice that whisky is intoxicating.

3. APPEALS AND ERRORS—*when objection that ordinance was not properly published cannot be raised on review.* In an action to recover a penalty for the violation of an ordinance, the objection that the ordinance was not properly published cannot be raised on review if not made in the trial court.

4. EVIDENCE—*when provision of ordinance for penalty for second offense should not be admitted in evidence.* In an action to recover a penalty for the violation of an ordinance, a provision therein for an increased penalty for a second offense should not be admitted in evidence where there is no proof of a former conviction, but where the penalties found by the jury are within the limits for a first offense the defendant is not prejudiced by the admission of the entire ordinance.

5. SAME—*when city is not required to prove exact dates of violations of ordinance.* In an action in debt to recover penalties for violations of a prohibition ordinance the city is not required to prove the exact dates of the different violations, where every count in the declaration alleges the dates under a *videlicet*.

6. PRACTICE—*when judgment may be affirmed as to the counts proved in action for penalty for violation of ordinance.* Under section 111 of the Practice act, providing that the Supreme Court may allow the entering of a *remittitur* so as to dispose of a case without remanding the cause, in an action in debt for the recovery of a penalty for violation of an ordinance the judgment against the defendant may be affirmed as to the counts sustained by the proof.

7. SAME—*when entire judgment will not be set aside on review.* Where a judgment appealed from consists of distinct and independent matters, so that an erroneous portion thereof can be separated from the parts that are correct, the court will not set aside the entire judgment but only so much as is erroneous, leaving the residue undisturbed.

8. SAME—*action for penalty for violation of ordinance is a civil action.* An action in debt for the recovery of a penalty for the violation of an ordinance or statute is a civil action and is governed by the rules of procedure in civil cases and by the provisions of the Practice act.

WRIT OF ERROR to the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding.

JAMES N. CUMMINGS, for plaintiff in error.

CHARLES E. MULLIGAN, City Attorney, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The city of Kewanee filed a declaration in debt in the city court of Kewanee against Mike Puskar, plaintiff in error, herein referred to as defendant. The declaration as finally amended contained eleven counts. The first count charged the defendant with suffering a nuisance to exist on June 5, 1920, within the corporate limits of the city, by knowingly permitting certain premises owned by him to be used as a boarding house or rooming house within which intoxicating liquor was kept for sale as a beverage, in violation of section 5 of article 3, chapter 17, of the revised ordinances of the city of Kewanee, known as ordinance No. 664. Each of the other ten counts charged that the defendant, within the corporate limits of said city, did sell and keep for sale intoxicating liquor, in violation of section 1 of article 3 of ordinance No. 664. The demand in each and every count was for the sum of $200, and the *ad damnum* was laid in the sum of $4000. The defendant filed a plea of *nil debet,* upon which issue was taken. The

jury returned a verdict in favor of the city on every one of the eleven counts and assessed the defendant's fine or penalty in the sum of $100 on every count. Motions for a new trial and in arrest of judgment were overruled by the court and judgment was rendered against the defendant on the verdict for the sum of $100 on every one of the eleven counts and for costs of suit. The trial judge certified that the validity of an ordinance was involved, etc., and a writ of error was sued out of this court by the defendant to review the judgment.

Section 5 of the ordinance, which is set out *in hæc verba* in the first count of the declaration, provides, in substance, that whoever knowingly permits any building or premises, or any part thereof, situated within the corporate limits of said city and owned or leased by him or under his control, to be used for the purpose of maintaining or keeping any club-room or other place in which intoxicating liquor or spirituous, malt or fermented liquor, or any drinks which contain any spirituous, vinous or fermented liquor, is received or kept for the purpose of use, gift, barter, exchange or sale as a beverage or for distribution or division among the members of any club-room or association, or to be used within which to sell, give away or to take orders for the sale or the delivery of any intoxicating liquor or any spirituous, vinous, malt or fermented liquor, or any drinks which contain spirituous, vinous, malt or fermented liquor in any quantity whatsoever, shall be deemed guilty of suffering a nuisance to exist, and upon conviction thereof shall forfeit and pay to the city not less than $50 nor more than $200 for each and every day that he shall permit any such building or premises, or any part thereof, to be used for such purpose. Section 1 of the ordinance prohibits anyone from directly or indirectly selling, or keeping for sale, barter, exchange or giving away in any manner, by himself or another, as principal, clerk, agent or servant, within the cor-

porate limits of the city, of any intoxicating liquor, or spirituous, vinous, malt or fermented liquor, for drinks, or any mixture of said liquors which contains spirituous, vinous, malt or fermented liquor in any quantity. Section 10 of the ordinance provides a penalty or fine of not less than $25 nor more than $200 for the first offense under section 1, and if any person or corporation shall be convicted of violating said section and shall subsequently violate the provisions thereof, he shall upon conviction thereof be fined not less than $50 nor more than $200.

The evidence produced at the trial showed that the defendant and his wife were the owners of a house in the city of Kewanee located at 517 West Fourth street, and that he and his family resided in another house the back yard of which was very close to the rear of the premises on Fourth street. In the house on Fourth street a copper still was found by the police, and also four barrels of fermenting raisins, one barrel of prune mash, a couple of tubs of juice, and several jugs and kegs of raisin whisky and some prune whisky. The police officers had found the defendant in the back yard of his residence premises previous to entering the Fourth street premises, and the defendant volunteered to go with the officers and search the Fourth street premises for whisky, etc., after they had informed him that they had good reason to believe that the premises contained whisky and a still and that illegal business was being conducted in those premises. Therefore no question can arise on this record as to the incompetency or impropriety of any evidence being admitted in violation of the defendant's rights against unlawful search and seizure. If there had been an unlawful search and seizure and exhibits had been introduced that were seized against his constitutional rights those questions could not be raised upon an objection to the evidence on the trial, as no preliminary hearing had been had on the question of unlawful search and seizure. *People* v. *Brocamp,* 307 Ill. 448.

The evidence in the record is to the effect that the defendant was thoroughly cognizant of the fact that the unlawful business of distilling and selling whisky was conducted in the Fourth street premises. The proof showed that he made three sales of whisky in the months of May and June, 1920, and that he was present in that place when a number of other sales were made by other parties. The proof also showed that the defendant was seen in the premises working on the still and trying to mend it by soldering certain parts thereof. The defendant denied about everything of which he was accused, but he is so thoroughly impeached that no attention need be paid to his testimony, he being his sole witness in the matters wherein he was contradicted. It is abundantly shown by testimony of the parties who bought it, that the whisky distilled and sold was real prune and raisin whisky. Courts take judicial notice that whisky is intoxicating. (Bishop on Stat. Crimes, sec. 1038; *Freese* v. *State,* 23 Fla. 267; *Commonwealth* v. *Curran,* 119 Mass. 206.) It was positively proved that the defendant made three illegal sales of the whisky on three different occasions, the amount purchased on two separate days being two pints and the other amount purchased from him was one-half pint, for which he was paid in person five dollars, or at the rate of two dollars per pint. The evidence also clearly shows that the defendant is guilty, as charged in the first count of the declaration, of suffering a nuisance to be kept and maintained upon the premises. There was testimony of several witnesses to the effect that numerous individuals were seen to go to those premises, usually entering the same from the rear, and that when they came out of the premises most all of them were intoxicated. The defendant raises little question, if any, concerning his guilt on the first count and for three illegal sales made by him as aforesaid. In fact, the evidence did not warrant a conviction except upon the first count of the declaration and for the three illegal sales made by him. We arrive at this

conclusion because the defendant testified positively that be had rented the premises to Steve Kylaich about three months before the raid made upon him by the police and did not own the still or the whisky, and he is corroborated by two witnesses, one of whom testified to Kylaich's living there during the three months and paying rent therefor to the defendant at the rate of $30 per month, and the other testified that he saw Kylaich pay to the defendant $30 for one month's rent. The only evidence in conflict with this part of the testimony is that of the police, who simply testified that the defendant told them that he was the owner or part owner of the premises, which is not inconsistent with the testimony of the defendant.

Few of the contentions of the defendant have any real merit. It is contended that the ordinance under which the defendant is prosecuted is void because it contravenes the provisions of our constitution. Upon no theory could the ordinance be declared void *in toto.* The provisions material to the issues in this suit are valid, and there is therefore no necessity to pass upon the validity of other portions of the ordinance not now involved.

Issue was taken on the declaration, and it states a good cause of action against the defendant. The record shows no reversible error in the admission of evidence by the court or its rulings upon the same. The objection to the ordinance that it was not properly published was not urged on the trial, and such objection cannot be urged here. The objection to the introduction of the section of the ordinance which provides penalties for the violation of section 1, because it prescribes a greater penalty for a subsequent offense, was not limited but was made to the whole section. That section also prescribes the penalty for a first offense, and it would have been proper to have limited the introduction of the ordinance to that part of it had the court been asked to do so. The defendant has not been preju-

diced, apparently, by the introduction of that whole section in evidence, as the penalties found by the jury were within the limits for a first offense. Every count of the declaration alleging unlawful sales alleged the dates of such sales under a *videlicet,* and the city was not required to prove the exact date of such sales.

The court erred in rendering judgment upon more than four counts of the declaration, as the evidence sustained but three sales and the first count for allowing a nuisance to exist on the premises. The city has signified its willingness to have the judgment affirmed only as to the counts proved, and we think it is entitled to have such a judgment.

Section III of the Practice act provides, in substance, that this court, in case of a partial reversal, shall give such judgment as the inferior court ought to have given, and for this purpose may allow the entering of a *remittitur* or remand the cause for further proceedings. The finding of the jury was for a definite sum of $100 on every count of the declaration, and the judgment followed the verdict, the same being for $100 on every count of the declaration, making a total judgment for $1100. That judgment is clearly sustained as to the first four counts for a total sum of $400. Under similar statutes on practice as our own above quoted, courts of last resort in this country have generally followed the rule that where a judgment appealed from consists of distinct and independent matters, so that an erroneous portion thereof can be segregated from the parts that are correct, the court will not set aside the entire judgment but only so much as is erroneous, leaving the residue undisturbed. Where a judgment is entire and indivisible it cannot be reversed in part and affirmed in part, and if there be reversible error therein it must be set aside *in toto.* (3 Cyc. 447, 448.) The foregoing rules are applied in civil cases. An action for the recovery of a pen-

alty for the violation of an ordinance or a statute is ordinarily regarded as a civil action, and there can be no question about this action being a civil action. A civil action for the recovery of penalties is governed by the rules of procedure in civil instead of criminal cases, and the above provisions of our Practice act are applicable to such actions. (21 R. C. L. 235.) Some of the rules of procedure for the recovery of penalties are similar in some respects to the procedure in criminal cases. For instance, where the increased penalty for a second offense is sought to be recovered, the declaration or complaint must allege the fact that the offense is a second offense or the prosecution will be limited to a penalty for a first offense. (21 R. C. L. 236; *People* v. *Boykin,* 298 Ill. 11.) This court has followed the rule both in law and in chancery cases, that where a judgment or a decree appealed from consists of distinct and independent matters, so that an erroneous portion thereof may be segregated from the parts that are correct, the court will not set aside the entire judgment. (*Village of Lee* v. *Harris,* 206 Ill. 428; *Domestic Building Ass'n* v. *Nelson,* 172 id. 386.) In some of the States having statutes similar to ours on procedure and practice the courts have followed the foregoing rule. *State* v. *Lincoln Traction Co.* 90 Neb. 535; *McCarthy* v. *Lazarus,* 137 Ga. 282; *Sturgeon's Admr.* v. *McCorkle,* 163 Ky. 8; *George.* v. *Chicago, Rock Island and Pacific Railway Co.* 214 Mo. 551.

The judgment in this case for $100 on each of the first four counts of the declaration, totaling the sum of $400, is affirmed and the judgment on the remaining seven counts is reversed.

*Affirmed in part.*