(No. 17078.—Judgment affirmed in part.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
D. L. KIMMEL, *et al.* Appellants.

*Opinion filed October 28, 1926—Rehearing denied Dec. 8, 1926.*

1. TAXES—*when failure to attach affidavit to the assessor's book
will not defeat tax.* Under section 191 of the Revenue act, providing that no irregularity in the levy of a tax shall vitiate or in
any manner affect the tax, the mere failure of the county assessor
to attach his affidavit to his assessment book before turning it over
to the board of review will not defeat the tax in an action in debt
to collect the same.

2. SAME—*when assessor is not bound to give notice of change
in scheduled value.* If a tax-payer makes out and delivers to the
assessor a list of his taxable property, with the valuations thereon,
and the schedule and valuations are accepted by the assessor as
correct, they cannot afterwards be altered without notice to the
tax-payer, but the assessor is not bound to accept the tax-payer's
valuations of his property as correct, and if he does not accept
them he is not required to give notice to the tax-payer of changes
in valuation.

3. SAME—*in absence of fraud, valuation cannot be questioned
in action to collect tax.* In an action in debt to collect delinquent
taxes, over-valuation of property by the taxing authorities is not
a subject of inquiry unless it amounts to fraud.

4. SAME—*county tax must be levied by aye and nay vote.* The
levy of a county tax is an appropriation of money, and the statutory requirement of an aye and nay vote upon the question, entered

of record, is mandatory, and a failure to observe the requirement is fatal to the tax.

5. SAME—*the county board must comply with statute in levying taxes.* In levying taxes the county board exercises a delegated power, and the limitations as to the time when, the purposes for which and the manner in which the power shall be exercised are imposed for the benefit of the tax-payer and must be observed.

6. SAME—*taxing authorities cannot compromise a tax.* Tax officers or boards of county commissioners, or the like, have no power to compromise a tax or to release it wholly or in part merely because it is excessive, or for any other reason, unless specially authorized to do so by statute.

7. SAME—*county board need not expressly authorize suit to collect personal property taxes.* Under section 230 of the Revenue act, providing that the county board may at any time institute suit in debt in the name of the People for the recovery of personal property taxes, the board is not required to expressly authorize institution of suit in a particular case, but such suit is properly instituted by the State's attorney in the name of the People, and judgment may be rendered for all such taxes, and upon collection the county will be required to pay to the State and the other tax-levying bodies their respective shares.

8. APPEALS AND ERRORS—*when judgment will be affirmed in part.* Where an appeal is taken from a judgment which consists of distinct and independent matters, so that an erroneous portion of the judgment can be segregated from the parts that are correct, the Supreme Court will not reverse the entire judgment but will set aside only such portion as is erroneous and leave the remainder undisturbed.

APPEAL from the City Court of DuQuoin; the Hon. L. P. HARRISS, Judge, presiding.

H. E. KIMMEL, for appellants.

JUDSON E. HARRISS, State's Attorney, and L. A. CRANSTON, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

D. L. Kimmel and C. E. Kimmel were on April 1, 1923, engaged as partners, under the firm name of D. L. Kimmel & Son, in the retail lumber and building material business

in the city of DuQuoin, in Perry county. Shortly after that date the deputy assessor left with the firm a blank schedule for the assessment of its personal property. C. E. Kimmel listed the several items of that property on the schedule at the aggregate full cash value of $6840. Upon the return of the schedule the deputy assessor informed Kimmel over the telephone that the valuations placed upon the automobiles and office furniture would have to be raised to certain figures, and Kimmel assented to such increases. The schedule as returned showed the full value of the merchandise on hand to be $6000, one-half of which, or the assessed value, would be $3000. The county assessor raised the assessed value of the merchandise to $12,000, and he fixed the total assessed value of the personal property of the partnership at $12,875. The assessment list, including the assessment in question, was published in the *DuQuoin Evening Call,* a daily newspaper, on July 7, 1923. Shortly after the publication of the list C. E. Kimmel appeared before the board of review in behalf of the partnership and obtained a reduction of approximately ten per cent in the assessed value, which accordingly was fixed at $11,590. The taxes were extended upon that valuation and amounted to $965.46. The taxes were not paid but were returned delinquent. Thereafter the partners addressed letters to the State's attorney, the county assessor and the board of review, claiming that the assessment placed upon their horses and stock of merchandise considerably exceeded the assessments on other lumber yards of equal size in DuQuoin, among them the Hall-Ward Lumber Company; that for the purposes of taxation the full value of other personal property in the city was fixed at about one-half of its actual value, and that the partnership's personalty was not assessed proportionately with other personal property but was assessed in excess of its actual value. Finally, on December 12, 1924, the partners wrote the State's attorney: "In keeping with our offer to settle tax matter at twenty-five

per cent higher than figures used by the board in settling Hall-Ward taxes, we are attaching hereto a check for $625. Our understanding is that the amount paid by Hall-Ward was $486, but in order to be sure that this check is high enough to cover our offer we have assumed that they paid $500, and adding twenty-five per cent would make the figure $625. As we have pointed out in previous letter, most of the DuQuoin retail business comparable in size with the lumber yards paid on half value of $4000, making their taxes $333 and less. The rate of 8.33 figured on a $15,000 full valuation, half value $7500, makes a tax of $623.80, so that our check is a trifle more than that basis." The check was received by the county collector and credited on account of the taxes. Payment of the balance of $340.46 still due was demanded and refused, and an action of debt to recover this balance was instituted against the partners in the city court of the city of DuQuoin. After a demurrer to the declaration was overruled the defendants filed their plea of *nil debet.* A stipulation that any evidence competent under any special plea should be admitted under the plea of *nil debet* was made by the parties. A jury was waived and a trial by the court resulted in a judgment against the defendants for $340.46 and costs. From that judgment the defendants prosecute this appeal.

Appellants assert that the county assessor failed to attach to the assessment book his affidavit that, so far as he had been able to ascertain, the book contained a full and complete list of all the real and personal property in the assessment district subject to taxation for the year in question, and that the assessed value of each item of property, set down in the proper column, was a just and equal assessment of such property according to law, and contend that by reason of such omission the assessment, so far as appellants are concerned, is invalid. The county assessor had not verified his assessment book by affidavit at the time he delivered the book to the board of review. On the trial, how-

ever, leave was obtained to supply the affidavit, and it was done. Section 191 of the act for the assessment of property and for the levy and collection of taxes (Smith's Stat. 1923, p. 1738,) provides, among other things, that no error or informality in the proceedings of any of the officers connected with the levying of a tax, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax, and that any omission or defective act of any such officer may, in the discretion of the court, be corrected or supplied and made to conform to law. The assessor's omission in no way affected the justice of the taxes levied. The objection is without merit and the amendment was properly allowed.

It is also insisted by appellants that taxes could only be extended against their stock of lumber and building materials upon the valuation which they placed upon it in the schedule, because the increased valuation upon the stock fixed by the county assessor was imposed without notice to them and for that reason was void. If a tax-payer makes out and delivers to the assessor a list of his taxable property, with the valuations thereon, and the schedule and valuations are accepted by the assessor as correct, they cannot afterwards be altered or changed without notice to the tax-payer. The assessor, however, is not bound to accept the tax-payer's valuations of his property as correct, and if he does not accept them he is not required to give notice to the tax-payer of changes in valuation. (*Tolman* v. *Solomon,* 191 Ill. 202.) It was not shown that the county assessor accepted appellants' valuation as correct. Moreover, the assessment as made by the assessor was published in the local newspaper and appellants had notice of the increased valuation. Pursuant to the notice so given appellants appeared before the board of review and obtained a reduction in their assessment. They availed themselves of the remedy provided by law, and it cannot be assumed, in the absence of proof, that the board of review placed a valu-

ation upon their personal property so excessive as to amount to fraud. In an action of debt to collect delinquent taxes, over-valuation of property by the taxing authorities, not amounting to fraud, is not a subject of inquiry. *People* v. *Elmwood Cemetery Co.* 317 Ill. 547.

Complaint is also made by appellants that no aye and nay vote was taken by the members of the county board upon the county tax levy, and that the levy, in consequence, is invalid and uncollectible. The record of the meeting of the county commissioners at which the county tax levy was ordered fails to disclose that an aye and nay vote was taken upon that proposition. While permission was obtained on the trial to amend the record to show such a vote, no such amendment was made. Perry county, for which the particular tax was levied, is not under township organization. Section 45 of the act in relation to counties, as amended in 1921, applicable to counties not under township organization, (Smith's Stat. 1923, p. 565,) requires that the vote of the board of county commissioners on all propositions to appropriate money from the county treasury shall be taken by ayes and nays and entered on the record of the meeting. The levy of a county tax is an appropriation of money, and the statutory requirement of an aye and nay vote upon the question, entered of record, is mandatory, and a failure to observe the requirement is fatal to the tax. (*People* v. *New York Central Railroad Co.* 314 Ill. 429; *People* v. *Wabash Railway Co.* 314 id. 388; *People* v. *Chicago and Eastern Illinois Railway Co.* 314 id. 382; *People* v. *Chicago and Eastern Illinois Railway Co.* 314 id. 352; *People* v. *Wabash Railway Co.* 308 id. 604.) In levying taxes the county board exercises a delegated power. Its power to appropriate money is definitely limited in respect of the time when, the purposes for which and the manner in which it shall be exercised. These limitations are imposed for the benefit of the tax-payer and must be observed. (*People* v. *Wabash Railway Co.* 314 Ill. 386; *People* v. *Chicago and Eastern*

*Illinois Railway Co.* 314 id. 352.)   No attempt was made
to comply with the statutory requirement that an aye and
nay vote shall be taken and entered on the record of the
meeting.   The tax levied for county purposes, amounting
to $86.93, was therefore unauthorized and void.

Appellants further contend that the remittance of $625
in accordance with their letter of December 12, 1924, ad-
dressed to the State's attorney, was not a payment on ac-
count but in complete discharge of the personal property
taxes and was made to avoid the institution of a suit against
them; that if the remittance was not accepted in satisfac-
tion of the taxes it should have been returned, and that, in
any event, appellee is estopped to deny the settlement made.
The amount of the taxes was definitely fixed and certain
when payment was demanded by the county collector.   The
county board had no authority to accept the remittance in
full payment of the taxes, and the amended record of its
proceedings shows that it refused to do so.   Taxes are as-
sessed by public officers in accordance with rules and prin-
ciples established by law, and, if excessive, provision is
usually made for their abatement by a court or some other
appropriate tribunal.   Generally, tax officers or boards of
county commissioners, or the like, have no power to com-
promise a tax, or to release it wholly or in part, unless spe-
cially authorized to do so by statute.   (3 Cooley on Taxa-
tion,—4th ed.—p. 2493; *Peter* v. *Parkinson,* 83 Ohio St.
36.)   Appellants make no claim that any such statutory
authority exists, and there was no compromise and com-
plete settlement of the personal property taxes.

Finally, appellants object that the instant suit was not
authorized by the county board of Perry county.   Sec-
tion 230 of the general Revenue act (Smith's Stat. 1923,
p. 1744,) expressly provides that the county board may at
any time institute suit in an action of debt in the name of
the People of the State, in any court of competent jurisdic-
tion, for the recovery of personal property taxes due from

any person, firm or corporation. If the county sues in the name of the People for the recovery of personal property taxes, judgment may be rendered for all of such taxes, and, upon collection, the county will be required to pay to the State and the other tax-levying bodies their respective shares. (*Dalby* v. *People,* 124 Ill. 66.) Sub-section 1 of the fifth section of the act in regard to attorneys general and State's attorneys (Smith's Stat. 1923, p. 93,) makes it the duty of the State's attorney to commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any court of record in his county, in which the people of the State or county may be concerned. Express authority from the county board to bring this suit was therefore unnecessary. The board did, however, authorize the institution of the suit, as appears from an amendment of the record of the board's proceedings made pursuant to leave granted by the trial court.

The judgment includes the tax levied for county purposes, amounting to $86.93. That tax is void and can be separated from the other taxes for which, also, judgment was rendered. Where an appeal is taken from a judgment which consists of distinct and independent matters, so that an erroneous portion of the judgment can be segregated from the parts that are correct, this court will not reverse the entire judgment but will set aside only such portion as is erroneous and leave the remainder undisturbed. (Practice act, sec. 111; *City of Kewanee* v. *Puskar,* 308 Ill. 167; *Village of Lee* v. *Harris,* 206 id. 428.) Accordingly the judgment of the city court of DuQuoin is reversed to the extent of $86.93 levied for county purposes and affirmed in respect of the other taxes, amounting to $253.53.

*Judgment affirmed in part.*