



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

J C. MANN
GENERAL

January 28, 1939

Mr. Joseph A. Beyer
County Attorney
Crane County
Crane, Texas

Dear Sir:

> Opinion No. O-138
> Re: Tax Attorneys compromising
>      tax claims

     This is in reply to your letter of January 10,
1939, to Hon. Gerald C. Mann, asking this Department for an
opinion in regard to tax attorneys compromising tax claims.

     Your letter reads in part as follows:

> "Can the County Attorney or other attorney
> legally authorized to file suit and collect de-
> linquent state, county and school taxes settle,
> by agreed judgment, dismissal or otherwise, tax
> suits in sums of money less than the amount sued
> for? In other words does the attorney handling
> the collection of delinquent taxes have the pow-
> er under the law to settle tax suits for any sums
> less than the amount of taxes originally sued for
> including court costs, penalties, etc. before the
> suit is actually tried and a judgment taken?"

     The county and district attorneys have the power to
file suits to collect taxes by virtue of Article 7332 of the
Revised Civil Statutes, which provides, in part, as follows:

> "The County or District Attorney shall repre-
> sent the State and County in all suits against de-
> linquent tax-payers, and all sums collected shall
> be paid over immediately to the County Collector."

Outside attorneys may be employed by the Commissioners' Courts
under certain circumstances to enforce the collection of taxes

according to Articles 7335 and 7335a.

These statutes do not give the attorney bringing tax suits power or authority to compromise or settle such suits for any sum less than the assessment is made for and no other statute that we can find gives him such authority. Taxing authorities have only those powers that are expressly given them, and we think the same rule would apply to a tax attorney that was expressed in regard to a tax assessor in the case of State vs. Gage, 176 S. W. 928, as follows:

"It seems to be well settled that an assessor of taxes has only such powers as are expressly given by statute."

Another reason why a tax cannot be compromised is because it is not an "obligation" that is subject to compromise. As said by the Supreme Court of the United States in the case of Lane County vs. Oregon, 7 Wall. 71, 19 Law Ed. 101,

"A tax is an impost levied by authority of government upon its citizens, or subjects, for the support of the State. It is not founded on contract or agreement."

A tax not being founded upon contract or the result of a contract it cannot be compromised, because as said in 12 Corpus Juris, 316,

"Parties having the capacity to contract with relation to the subject matter are essential to the validity of a compromise."

There are no Texas appellate court cases directly on the question, but the rule in the other states where it has come up seems to be that a tax officer has no authority to compromise or release any claim for taxes. 3 Cooley on Taxation, 4th Ed. 2493; People vs. Kimmel, 323 Ill. 261, 154 N. E. 97; Peter vs. Parkinson, 83 Ohio St. 36, 93 N. E. 197, and Logan City vs. Allen (Utah), 44 Pac. 2nd 1085. In the case of People vs. Kimmel, supra, the Supreme Court of Illinois said:

"Taxes are assessed by public officers in accordance with rules and principles established by law, and, if excessive, provision is usually

made for their abatement by a court or some other appropriate tribunal. Generally, tax officers or boards of county commissioners, or the like, have no power to compromise a tax, or to release it wholly or in part, unless specially authorized to do so by statute."

You ask in your question if the attorney can settle the suit for a sum "less than the amount of taxes originally sued for...before suit is actually tried." We assume that the suit was only for the amount of the assessment plus penalties and court costs.

Our answer to your inquiry is that an attorney who handles the collection of delinquent taxes does not have the power to settle or compromise tax suits for a sum less than the amount of the assessment plus penalties and court costs.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _[signature]_

Assistant

CCR:AW

APPROVED:

_[signature]_
ATTORNEY GENERAL OF TEXAS