(No. 25561.—<span></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE
PIONEER TAILORING COMPANY, Appellant.

*Opinion filed June 14, 1940—Rehearing denied October 2, 1940.*

FRANK J. DOWD, (ARTHUR B. SCHAFFNER, of counsel,)
for appellant.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL
V. KEARNEY, JACOB SHAMBERG, WILLIAM P. KEARNEY,
and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a direct appeal from a judgment of the circuit court of Cook county, whereby the People recovered
$1455.91 from the Pioneer Tailoring Company for unpaid
personal property taxes based upon the assessment of its
capital stock for the year 1937. The appellant is a mercantile corporation which was organized by and as a subsidiary to the Progress Tailoring Company which owns all
of its capital stock. The assessment of the capital stock of

the Pioneer Tailoring Company was made by the county assessor pursuant to the statute. Ill. Rev. Stat. 1937, chap. 120, pars. 339, 340.

It appears from the record, by stipulation, that the only information available to the assessor in determining the value of the capital stock of the appellant was an income tax return made by the defendant corporation of the year 1935. From that return it appeared that the company during that year had earnings of $28,195 and a total capital and surplus of $27,276 as of December 31, 1935. It was stipulated that the county assessor had capitalized the income at ten per cent; had taken the book value of the company at $27,276, added these sums together and divided the result by two, arriving at an average value of $154,000. Pursuant to a rule of the assessor this intangible property was assessed at twenty per cent of its ascertained value or $30,050. This, again, was equalized at a uniform rate of thirty-seven per cent, which gave a net assessment of $11,118. The company had failed to file any schedule and the assessor therefore added the fifty-per cent statutory penalty, or $5559, which produced the total assessed valuation of $16,777 upon which the tax in question was based.

In its answer to the complaint the defendant corporation claims that the assessment on the capital stock was computed by the assessor by illegal, invalid and void methods; that it was error to estimate the value of the corporation on the basis of earnings; that the assessment was arbitrary, unlawful and discriminatory and did not represent the considered judgment of the county assessor; that the assessor, by rules and formulae of appraisal, or through mistakes which are invalid and illegal and tend to deprive the defendant of its property without due process of law, assessed the property of defendant at a sum so excessive as to be fraudulent.

The county assessor is governed by certain rules established by the State Tax Commission. Among those is one

which requires local assessors to ascertain the value of capital stock by determining the fair cash value of all the assets of the corporation and deducting from that the value of all tangible property. In determining fair cash value, the assessor, must consider "among other things": (1) The value of the shares of the corporate stock and market quotations thereon, (2) the books of the corporation, (3) the tax returns previously made, and (4) other obtainable information. In *Inderrieden Co.* v. *Lindheimer,* 370 Ill. 316, this court gave express approval to the method of assessment which was employed in this case. The county assessor set forth certain guides and procedures for determining the value of the capital stock of Illinois corporations. This order instructed that under rule No. 11 of the State Tax Commission all the corporation's property,—tangible, intangible and mixed,—must be valued to determine capital stock assessment. Where market value of the shares was not available, the assessor ordered that the book value of capital, surplus and debts should be adjusted to arrive at a fair cash value and added to the amount of the capitalized earnings. That sum was to be divided by two. This figure was to be equalized and from it the tangible property deducted. This mathematical formula with other information available to the assessor was employed in this case, with the exception that the earnings were determined by resorting to the income tax returns of the corporation for the year 1935.

From testimony given by officers of the appellant it appears there were no books kept for this corporation but that its records were, in some unexplained way, merged with those of the Progress Tailoring Company. It further appears that the appellant never filed any schedules and there was no market value for its stock. The assessor used the only source of information available to him and there can be no question from this record that he and the board of appeals used their best judgment. The whole record indicates that whatever difficulties the appellant may be having

are of its own creation. The failure to keep any books, to file any schedule or to give the assessor any assistance very plainly indicate an effort to evade any taxation whatever.

There is not only a total lack of any proof that the assessor acted otherwise than in the honest exercise of his best judgment, but there is also a lack of anything to indicate that the valuation placed upon the capital stock is to any material extent actually excessive.

In an action of debt to recover a tax nothing less than clear and sufficient evidence of fraud is available as a defense. (*People* v. *Millard*, 307 Ill. 556.) Such proof is entirely lacking in this case and we can find no reason for disturbing the judgment of the circuit court.

*Judgment affirmed.*