(No. 26106.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE PROCESS CORPORATION, Appellant.

*Opinion filed June 17, 1941.*

LINENTHAL & SCHEYER, (A. C. LINENTHAL, and GEORGE A. GORDON, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAMBERG, MARSHALL V. KEARNEY, and WILLIAM P. KEARNEY, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county against appellant for personal taxes for the year 1937. Judgment was entered for the sum of $1999.98. This amount included $235.64 interest. The cause was heard by the court without a jury.

Appellant is a domestic corporation engaged principally in the business of manufacturing greeting cards. For the year 1937 it filed with the assessor of Cook county a schedule of its personal property as of April 1 in that year. The county assessor fixed the valuation of the property at a sum in excess of that contained in the schedule. Upon complaint and protest by appellant the board of appeals revised the assessment. That board fixed the full value of. the property at $54,045. The assessed value on which the tax was extended, as finally equalized and fixed, was $22,829.

Appellant contends that the assessment was so grossly excessive as to amount to constructive fraud. There is no claim of actual fraud in connection with the assessment. There was no attempt to make proof of that kind. The only evidence offered by appellant in support of its defense of an excessive and fraudulent overvaluation was the testimony of a certified public accountant who had been in the employ of appellant for twelve years. Apparently he was quite familiar with the property and its value. He gave it as his opinion that the fair cash value of the property, as of April 1, 1937, was $10,623.86.

In his testimony he made a somewhat detailed analysis of the various classes of the property involved and stated the bases from which he arrived at the valuations given by him. Reference to his testimony in detail could serve no useful purpose. Sometime after December 31, 1936, this witness prepared the income tax return for appellant. In that return the property was valued in excess of $130,000. At the time this return was made the witness was familiar with both the volume and value of the property. It may be

conceded that the witness was correct in his statement that because of obsolete and unsalable articles carried in the inventory the value on April 1, 1937, was considerably less than at the close of the year 1936.

The rules of law applicable to a case of this kind are definite and long-settled. The constitution provides that the ascertainment of the value of property for the purpose of taxation shall be vested in such persons as are determined by the legislature and prohibits the fixing of such values by any other person. The valuation of property for taxation is not open to supervision of the judicial department of the State unless it is so excessive as to amount to fraud. (*Oak Ridge Cemetery Corp.* v. *Tax Commission,* 299 Ill. 430.) In an action of debt, such as this, for the recovery of taxes nothing less than clear and sufficient evidence of fraud is available as a defense. *People* v. *Pioneer Tailoring Co.* 374 Ill. 191.

Conceding the most that appellant claims, there is only a difference of opinion as between the assessing officers and the one witness who testified in the case. If we take the valuations given by him in his testimony in this case the property was assessed at considerably more than, in his opinion, was its fair value. If, however, we take the valuations placed by him in appellant's income tax return, shortly before April 1, 1937, the full value of the property as fixed by the assessing officer was substantially less than, in the opinion of the witness at that time, it was worth. With no other proof in the record no one could seriously contend that this brings the case within the rule so often applied by this court where it is alleged that an overvaluation standing alone constitutes fraud. Conceding the most that appellant claimed, it did not bring itself within the rule, or even nearly so.

The case of *People* v. *Millard,* 307 Ill. 556, cited and relied upon by appellant, does not support its contention. It may be noted, however, in that case this court said:

"Fraud in valuation of property for the purposes of taxation cannot be presumed but must be proved by sufficient evidence."

It is elementary that proof of over-valuation, alone, will not establish fraud unless it is so execessive and made under such circumstances as to justify the conclusion that it was not honestly made and was known to be excessive. Here, the only contention is that the property was assessed at a higher valuation than in the opinion of the witness it was worth, notwithstanding the value at which the property was assessed was less than half the valuation placed thereon in the income tax return by the witness a short time prior to April 1, 1937.

The judgment of the circuit court was right, and it is affirmed.

*Judgment affirmed.*