(No. 28056.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RAWLEIGH KLEIN *et al.*, Appellants.

*Opinion filed November 22, 1944.*

RALPH J. GUTGSELL, of Chicago, for appellants.

LEE E. DANIELS, State's Attorney, of Wheaton, (ROBERT J. SCOTT, of Glen Ellyn, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

An action of debt, in the name of the People of the State, was instituted in the county court of Du Page county against the defendants, Rawleigh and Annabelle Klein, to recover $7.81, the general taxes levied and extended upon an assessment of their personal property, consisting of four shares of capital stock of the First National Bank of Hinsdale, for the year 1942. Defendants answered the complaint, evidence was heard by the court without a jury, and judgment was rendered for the amount of the taxes, and costs. Defendants prosecute a direct appeal, the revenue being involved.

In arriving at the assessed value of the shares of the First National Bank of Hinsdale, apparently using the bank's balance sheet, the board of review adopted the so-called book value procedure recommended by the Department of Revenue in assessing bank stock. The testimony discloses that the board added the capital, surplus and undivided profits, aggregating $244,599.26, and then deducted $66,030, representing three times the assessed value of the real estate owned by the bank in Du Page county. The full fair cash value so determined was $178,569.26. From this amount, a depreciated value of approximately twenty-five per cent was taken, leaving a "full fair cash value after all deductions" of $133,928.95. This valuation was equalized at thirty-three and one-third per cent. In this fashion, an average equalized taxable value for each of the outstanding 1500 shares of $29.76 was ascertained.

Seeking a reversal of the judgment rendered against them, defendants contend that the assessed value of the capital stock of a bank must be determined from its actual market value and not from its book value and, in any event, that its market value should be taken into consideration. They direct attention to evidence disclosing sales of 234 shares of the bank stock to A. H. Klein, president of the bank, between October 3 and December 10, 1941, at prices ranging between $100 and $109. From the testimony of a broker it appear that A. H. Klein was the person who made such market as obtained for the stock. In no real sense did the testimony adduced by defendants show that the bank's shares were traded often or widely enough to establish a market, or a market value, for the shares as of April 1, 1942. A member of the board of review testified that the market value was not excluded as a factor in making assessments for the year 1942, adding that no particular weight was accorded to the market value of the shares in controversy because of the remoteness, and the small number, of the sales.

Our examination of the record and a consideration of the issue made and argued upon this appeal disclose that defendants have at no time contended that the assessor or the board of review was guilty of fraud in making the assessment or that the valuation of their property was so excessive as to amount to fraud. The gist of their complaint relates to the propriety of the method used in valuing the bank shares. The sole question thus presented in the trial court and upon the present appeal reduces itself to determining whether the challenged assessment amounts to an overvaluation of defendants' property. Under section 1 of article IX of our constitution requiring the value of property for taxation "to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise," the courts, in the absence of fraud, have no power

to review or determine the valuation of property fixed by the proper officers for the purpose of taxation. (*Hettler Lumber Co.* v. *County of Cook,* 336 Ill. 645.) For an excessive or unequal assessment, where the complaint is not fraud but an error of judgment, merely, the sole remedy is an application for an abatement to such statutory agencies as have been provided for hearing it. (*Hettler Lumber Co.* v. *County of Cook,* 336 Ill. 645; *Hulbert* v. *People ex rel. Raymond,* 189 Ill. 114.) In an action of debt to collect delinquent personal property taxes, as here, nothing less than clear and sufficient evidence of fraud is available as a defense. (*People* v. *The Process Corp.* 377 Ill. 65; *People* v. *Pioneer Tailoring Co.* 374 Ill. 191; *People ex rel. Bracher* v. *Millard,* 307 Ill. 556.) Defendants availed themselves of the remedy afforded by law, and there is no basis in the evidence for assuming that the board of review placed a valuation upon their personal property so excessive as to amount to fraud. (*People* v. *Kimmel,* 323 Ill. 261.) Had the valuation urged by the defendants been accepted, the assessed value would have been slightly lower. Their contention that the shares should have been so valued does not aid defendants, the adequate reason being that overvaluation, standing alone, does not constitute fraud, either actual or constructive. Manifestly, a mere difference of opinion between the assessing officers and the taxpayers is insufficient to prove fraud in making the assessment assailed. *Kinderman* v. *Harding,* 345 Ill. 237; *People* v. *Kimmel,* 323 Ill. 261; *People* v. *Hibernian Banking Ass'n,* 245 Ill. 522.

The judgment of the county court of Du Page county is affirmed.

*Judgment affirmed.*