The opinion of the court was delivered by
Brewer, J.:
This was a petition for an injunction, brought by plaintiff against defendants, who are respectively treasurer and sheriff of Johnson county. It alleges substantially, that the plaintiff is the owner of property, real and personal, subject to taxation in said county; that the total amount of taxes levied upon his property for the year 1880 was the sum of $105.87, of which amount the sum of $19 was for a railroad bond tax; that the plaintiff tendered to the county treasurer at his office the full amount of all these taxes, except the sum of $19, the bond tax aforesaid; that the treasurer refused to receive such partial payment, or to give plaintiff a receipt for said sum of $86.87, or any receipt whatever, unless the plaintiff paid the whole amount of taxes, including said railroad bond tax; that the plaintiff is now, ánd always has been, ready to pay all taxes assessed against him except said railroad bond tax; that the treasurer has issued his warrant to the sheriff for the collection of the entire tax on plaintiff’s personal property, and that the sheriff is about to levy said warrant on the property of plaintiff; and the prayer was that the sheriff and treasurer be enjoined from selling any property of plaintiff for the payment of any portion of the taxes which had been tendered, and that the county treasurer be required to' receive such portion thereof. To this petition a demurrer was interposed, which was overruled by the court, and an injunction granted as prayed for. To reverse such ruling the defendant has brought this case to this court. The question presented is, whether a tax-payer can "at his option tender to *448 the county treasurer a part of the taxes assessed upon any specific property, and compel him to receive and receipt for such portion. There is nothing in the petition which shows that the railroad bond tax is illegal or unjust. Counsel say in .their brief that plaintiff denies the validity of this railroad bond tax, and has taken this proceeding to test its validity, and for this purpose tendered all but such bond tax. But in the absence of any showing to the contrary, and for the purpose of this case, we must assume that the bond tax is legal and just. Under those circumstances we think the ruling of the district court cannot be sustained. A county treasurer cannot be compelled to receive taxes by piecemeal, nor obliged to give any receipt unless a full payment is made. Any other rule would throw a great burden on the officer, beside casting into the county records great confusion.
Section 89 of the tax law (Comp. Laws of 1879, p. 957,) reads:
“ When the treasurer shall receive any tax, he shall give a receipt therefor. If upon land or town lot, the receipt shall describe the land as it is described in the tax roll, and give the valuation thereof; and if upon personal property, it shall state the value thereof, and on the reverse side it shall give the amount of each kind of tax on each one hundred dollars.”
This plainly implies that the treasurer is entitled to the entire tax, before being required to give a receipt, and that the tax-payer cannot tender any sum of money he sees fit, and have the same credited on his taxes, or demand a receipt for the money thus paid. This implication is made the stronger by §91, which provides, “that any person charged with taxes, on the tax book in the hands of the county treasurer, may, at his option, pay the full amount thereof on or before the 20th day of December of each year, or one.-half on or before the 20th day of December, and the remaining one-half on or before the 20th day of June next ensuing.” Ex-pressio unius, exdusio alterius. Giving him by express statute the option to pay one-half at a time, excludes all other option on the part of the tax-payer. This is the clear intendment *449 of the statute, and we need go no further than rest upon its language. But, as we have already intimated, public policy forbids any relaxation of this rule. We must take judicial notice that taxes are.paid by a large body of individual taxpayers, some paying large but many very small amounts; and if each individual tax-payer has the option to pay as much as he sees fit, and have the same receipted for and •credited upon the books, it takes but a little reflection to perceive that the tax books would be covered up with numberless small entries, and that much confusion would ensue, and ofttimes no little loss result.' It is no small labor now to make the entries properly on the tax books, where semiannual payments are authorized, and it would be unjust to the county treasurer to cast any burden additional upon him. If the plaintiff desires, as counsel say, to.contest the validity of any particular tax or part thereof, his proper remedy is to tender the remaining taxes, as he did in this case, and then to bring his action for an injunction, keeping good his tender, and showing wherein the taxes not tendered are illegal, and no proper charge upon his property. Then if his claim of illegality is sustained, an injunction will be ordered restraining the collection of such illegal tax, and the treasurer may then receipt for the taxes tendered and admitted to be legal. In no other way can proper protection be secured to the officer and to the public. The judgment of the district court must therefore be reversed, and the case remanded with instructions to sustain the demurrer.
The case immediately succeeding this, No. 2441, is precisely analogous, and the same order will be entered in that action. The next succeeding case, No. 2442, differs only in this, that the petition alleges that the railroád bond tax is illegal and void, as the plaintiff believes; but this allegation is simply one of a conclusion of law, and contains no facts showing such illegality. It is therefore no stronger than the petitions in the two preceding cases, and the same judgment must be •entered in that.
All the Justices concurring.