The State ex rel. Brown v. Union Trust Company.

THE STATE *ex rel.* BROWN, *Collector*, v. UNION TRUST COMPANY *et al., Appellants.*

**The Decision** in *State ex rel. Brown, Collector, v. The Missouri Pa_cific Railway Company, ante,* p. 137, followed and affirmed.

*Appeal from Pettis Circuit Court.*—HON. J. P. STROTHER, Judge.

REVERSED.

*Thomas J. Portis* and *Thomas G. Portis* for appellants.

*G. P. B. Jackson* for respondent.

NORTON, C. J.—This suit is to recover certain taxes for the years 1876, 1878, and 1879, alleged to be due Pettis county from the defendants. The petition contains three counts—the first being for the recovery of the taxes of 1876 ; the second for the taxes of 1878, and the third for the taxes of 1879. Plaintiff having recovered judgment, defendant appealed to this court.

It appears from the record before us that the property owned by defendant company on the first day of August, 1875, was equalized and assessed by the state board of equalization in 1876, and that the total valuation thereof apportioned to Pettis county was $380,126.86 ; that, in levying taxes thereon the county court, instead of levying and extending the rate which it levied on all other property owned by individuals on the first day of August, 1875, levied the rate which had been levied on general property owned by individuals on the first day of August, 1874. It further appears that the tax as levied was paid by the defendant in 1876, and.

that the taxes were designated in the receipt taken by defendant as the taxes of 1875.

Under the ruling of this court in the case of *State ex rel. Pettis Co. v. Union Trust Co.*, 68 Mo. 463, the levy of said rate was erroneous, and according to the rule established in that case, the county court should have levied and extended on the property of defendant owned by it on the first day of August, 1875, and assessed by the state board, the same rates it extended on general property owned by individuals at the same time, and assessed by the county assessor. It further appears that in 1879 the county court, ignoring the action taken in 1876, in extending the wrong rate on the property of defendant owned by it on the first day of August, 1875, extended on said property, in conformity with the ruling in the case above cited, the same rate which, in 1876, it had extended on property owned by individuals on the first day of August, 1875, and it is for the whole amount of this tax that plaintiff sues in the first count of the petition without allowing defendant any credit for the amount actually paid under the wrong levy in 1876.

The case was tried by the circuit court on the theory that defendant was not entitled to a credit for the payment so made, which was a wrong and erroneous one under the ruling of this court in the case of *State ex rel. v. Missouri Pacific Railroad Company*, *ante*, p. 137. The mere statement in the tax receipt, that the taxes so paid were designated as for the year 1875, instead of 1876, as designated in the receipts of other taxpayers for taxes paid, does not alter the fact that under the law the taxes were for the same period of time and for the same tax in the one case as well as in the other, and the maxim, *praesentia corporis tollit errorem nominis,* might well be applied here, as it was in the case of *Reg. v. Mellor*, 27 L. J. Mag. Cas. 121, when a juror was addressed and answered by the wrong name, and was afterwards sworn, and upon a case reserved, the court said:

"The mistake is not a mistake of the man, but only of his name. * * * At bottom the objection is but this, that the officer of the court, the juryman being present, called and addressed him by a wrong name. Now it is an old and rational maxim of law that where the party to a transaction, or the subject of a transaction, are either of them actually and corporeally present, the calling of either by a wrong name is immaterial." So that calling the tax for 1875, in the presence of the fact that the tax was, under the law, the tax for 1876, is wholly immaterial and cannot, and ought not, in justice, to be allowed to have the effect of depriving the defendant of the benefit of the amount actually paid under the wrong levy as and for the taxes of 1875.

It also appears that certain taxes, levied to pay interest on certain railroad bonds, are sued for both in the first and second counts of the petition. It is conceded that in the levy of these taxes section 6799, Revised Statutes, was not complied with, and such levy, under the ruling made in the case of *State ex rel. v. Railroad*, 87 Mo. 236, is void.

The questions arising on the record in this case are the same in principle as those considered and passed upon in the case of *State ex rel. v. Missouri Pacific Railway Company*, *supra*, and under the rulings there made, to which we adhere, the judgment is reversed and cause remanded, with the concurrence of the other judges.