## C. E. OSBURN

### *v.*

## HENRY B. SEARLES.

*Filed at Mt. Vernon April 2, 1895.*

1. ADVERSE POSSESSION—*not defeated by unapplied payment upon taxes by owner.* Payment by the record owner of a sum less than all the taxes due from him upon lands, including a tract held adversely, without applying the payment upon any particular tract, is not such a payment as will make a subsequent payment of the tax upon one of the tracts, by one who has paid taxes on the same for six years, insufficient to complete his title by adverse possession.

2. SAME—*not defeated by paying taxes second time.* The owner of the record title cannot defeat title by adverse possession and payment of taxes for seven years, by paying the taxes for the last year of such period after they are paid by the adverse claimant, although within the time allowed by law for payment of taxes.

APPEAL from the Circuit Court of Saline county; the Hon. J. P. ROBARTS, Judge, presiding.

This was ejectment, in the circuit court of Saline county, by appellant, against appellee, to recover the south-west quarter of the south-west quarter of section 34, township 7, south, range 7, east of the third principal meridian, in Saline county.

The plaintiff claimed to be the owner in fee simple of the land in question, and introduced in evidence, in support of his claim, a patent from the United States issued to John R. Gwaltney, bearing date January 15, 1858; a deed from John R. Gwaltney and wife to Robert Bell, president of the Illinois Southern Railroad Company, bearing date October 21, 1868; a deed from Robert Bell and wife to John W. Mitchell, bearing date February 2, 1869; and a deed to the plaintiff, C. E. Osburn, from the said John W. Mitchell, bearing date October 3, 1888.

The defendant claimed ownership of the land under claim and color of title made in good faith, and payment

of taxes thereon by his grantors, while the same was vacant and unoccupied, for seven successive years, and, as color of title, produced in evidence a tax deed bearing date November 1, 1863, by the sheriff of Saline county to A. G. Cloud; a deed from the said Cloud and wife to Wilkinson and Jaquess, bearing date April 27, 1869 ; two deeds from Wilkinson to Jaquess, one bearing date January 1, 1870, and the other March 10, 1876; and a deed from Jaquess and wife to the defendant, Searles, bearing date October 12, 1888.

The defendant introduced the testimony of his grantor A. G. Cloud, to show that said grantor paid the taxes on the land for the years 1861 to 1868, inclusive, and also the tax receipts of grantors Wilkinson and Jaquess, showing payment of taxes on the land for the years 1869 to 1884, inclusive. The plaintiff, on the other hand, introduced in evidence certain tax receipts showing the payment of the taxes on the land in controversy by John W. Mitchell, his grantor, for the years 1869, 1870, 1871, 1872, 1873, 1874, 1875, 1876, 1877, 1878, 1879, 1880, 1883, 1885 and 1887, and evidence showing that he tendered the taxes for the years 1881 and 1882.

It is conceded that the land in controversy was vacant and unoccupied till about the year 1887, when the defendant, the holder of the color of title, reduced the same to possession.

By agreement, trial by jury was waived and the cause submitted to the court. A judgment was rendered finding the defendant not guilty. To reverse this judgment plaintiff below prosecutes appeal to this court. Other facts will be found in the opinion.

R. S. MARSH, for appellant.

MUNDY & ORGAN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is, in effect, conceded by appellant that the bar of section 7, chapter 83, of the Statute of Limitations, became complete by the payment of taxes on the land in controversy for seven successive years, from 1863 to 1869, inclusive, by the grantors of appellee, under color of title made in good faith, unless, as is contended, the running of the statute was arrested and the bar avoided by payment of the taxes for the year 1869 by appellant's grantor.    The evidence is undisputed that the title of appellee accrued under a tax deed of November, 1863; that the land was then vacant and unoccupied, and continued so until 1877; that the grantors of appellee, claiming under said tax deed, paid the taxes for the years 1863, 1864, 1865, 1866, 1867 and 1868, and that on June 14, 1870, the grantor under said color of title, as evidenced by a tax receipt of that date, paid the taxes on the said land for the year 1869, thus making the bar of the statute complete, unless interrupted as above indicated.

On the trial the plaintiff introduced testimony showing that on June 9, 1870, his immediate grantor, John W. Mitchell, gave the sheriff (tax collector) a list of lands owned by him in the county of Saline, and $250 in money, to be used in the payment of his taxes, but gave no directions that said sum, or any part thereof, should be appropriated to discharge the taxes against any specific tract or tracts of land; and it is shown that if that amount had been applied in discharge of the taxes in the customary way,—that is, beginning with land in township 7, range 5, in the county, and so on down to lands in township 7, range 7,—there was not enough money, the most of his lands lying in the preceding ranges, to reach the latter range and discharge the taxes on the land in controversy.    Mitchell's taxes for the year, on lands owned by him in the county, amounted to $463.73, and he held,

as he testified, county orders sufficient, as he thought, to pay the county part, and supposed the $250 would pay practically the amount "of the other tax." He made full settlement of his taxes July 1, 1870, as shown by his receipt of that date, which also bore the indorsement, "Paid on this receipt, June 9, 1870, $250." Mitchell further testified, that when he paid the $250 to the sheriff the latter did not want to take the money—to be burdened with the care of it; that the sheriff "said, when he went to make the disbursement of the funds he would come around and let me know. * * * I couldn't make full settlement till receipt was made out. I had county orders to pay the county part. When I paid county orders I thought it would be the full amount of taxes." This testimony clearly tends to show that the $250 was paid to the collector for the purpose of liquidating what was thought to be the probable amount of taxes other than the county taxes, and that the intention was to pay the latter in county orders.

The tax collector's books showed that the land in controversy was assessed for taxes in 1869 in the name of Wilkinson and Jaquess, grantors of appellee, and witness Pankey, who was sheriff and collector in 1870, testified that the last column on the right hand side showed by whom taxes were paid; that it showed that the taxes on the land in question were paid in 1870, for the year 1869, by J. W. Mitchell and I. N. Jaquess; that he "can only state who paid the taxes that year by custom of entering names on collector's book; that entry of names was made when they paid taxes; that he wrote the name of J. W. Mitchell, and interlined the second name (Jaquess) below; that he made these entries when the taxes were paid." Just when this witness regarded the taxes paid on the particular land in dispute he does not pretend to state,—whether it was June 9, 1870, when the $250, (little more than one-half of the sum required to pay the taxes due,) was paid him, or July 1, 1870, when

Mitchell settled in full and he gave him his tax collector's receipt of that date. However that may be, it is apparent that on June 9, 1870, Mitchell had paid none of his real estate taxes in full, and did not contemplate doing so until at such time as he would apply his county orders in discharge of the county part of his taxes. *Prima facie*, at least, he did not pay his taxes until July 1, 1870,—some sixteen days after appellee's grantor had paid the taxes in full on the land in question and obtained receipt therefor.

While a tax receipt is not conclusive evidence, and may be explained or rebutted by parol or other competent testimony, (*Hinchman* v. *Whetstone*, 23 Ill. 108; *Elston* v. *Kennicott*, 46 id. 187;) the evidence upon this record is, in our opinion, insufficient to overcome or rebut the *prima facie* proof made by the tax receipt of July 1, 1870, that the payment was made that day, or to explain the same in harmony with the contention of appellant. It is impossible to ignore the fact that of the $250 paid the collector, Mitchell gave no direction that it, or any part of it, should be appropriated and applied in discharge of the taxes upon any particular piece of land, and that the taxes upon the land in question remained unpaid until June 14, 1870, when payment thereof was made by the grantor of appellee. Had Mitchell seen fit he could easily have applied sufficient of the $250 to have paid all taxes due on the land in question when he gave that sum to the sheriff. But this he did not do, and it is not now the province of the court to make that application of payment.

But it is insisted that the owner of the fee simple title has the right, within the meaning of section 7, chapter 83, of the Statute of Limitations, as against a party claiming under a color of title made in good faith, as therein provided, to pay the taxes assessed upon the land at any time within the period fixed by law when taxes on land shall be due and payable, and that the

owner of the fee simple title to vacant land does not have to race with the holder of the color of title to pay the taxes on the land before the latter does, in order to pre- serve his interest and title. The trial court, by its judg- ment, necessarily found as a fact that the grantor of appellee paid the taxes due on the land in question June 14, 1870, and that the evidence was insufficient to show that payment thereof had been previously made by the grantor of appellant, effectual to prevent the bar of the statute from becoming complete. On the trial, appellee made a *prima facie* case by proving payment of taxes, and date of each payment, for seven successive years, under color of title made in good faith. To overcome the case thus made the burden was clearly cast upon appellant to prove payment of taxes before the payment by appel- lee. Evidence that the grantor of appellant had paid the amount of the taxes for the same year can not affect the rights of appellee, unless it be shown that the taxes for the year in dispute were paid by appellant's grantor before the date of payment by the grantor of appellee. (*Bolden* v. *Sherman*, 110 Ill. 418.) Payment by the grantor of appellee, as said in *Morrison* v. *Kelly*, 22 Ill. 609, "satis- fied the tax and discharged both the land and owner from all taxes assessed upon the land for that year. From the moment that payment was made there were no taxes in existence legally assessed for that year.  *  *  *  To permit the owner to defeat the occupant's payment by paying an amount of money to the collector equal to the tax which had been previously paid by the occupant, in discharge of all taxes assessed on the land, would render the provisions of this statute inoperative, and would amount virtually to its repeal, as the holder of the bet- ter title would surely make such a payment once in seven years."

We are of opinion that the judgment of the circuit court was correct, and it will accordingly be affirmed.

*Judgment affirmed.*