## MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *vs.* LOUIS FINE.

*Taxes—Amount of Tender—Necessity of Payment of Arrears.*

Unless otherwise permitted by statute, the whole amount due for any single tax must be paid or tendered, but if there are separate and distinct taxes due, the taxpayer is not compelled to pay their aggregate amount, but may pay any one or more of such separate and distinct taxes, at his election.
p. 328

The yearly taxes due in Baltimore City under the single and distinct municipal and state levies, at the ordained and enacted respective rates, upon the same total assessment against a taxpayer, may constitute but one entire annual demand.
p. 329

Inasmuch as every yearly tax is an independent demand, the claims for the taxes for two or more years are separate and severable, and the collector has no right to demand, as a condition of accepting payment of taxes for one year, the payment of taxes in arrears for other years.          p. 329

The city collector of Baltimore, while having the right to refuse to accept from a taxpayer anything less than the amount of taxes due and in arrears for any one year, could not decline to accept the amount due for any one or more years, unless accompanied by the payment of the taxes for all the years for which the taxes were due and in arrears.          p. 329

*Decided May 6th, 1925.*

Appeal from the Superior Court of Baltimore City (SOLTER, J.).

Mandamus proceeding by Louis Fine against the Mayor and City Council of Baltimore, and Charles P. Coady, collector of taxes. From an order directing the issuance of the writ, the respondents appeal. Reversed.

The cause was argued before Bond, C. J., Pattison, Ur-
ner, Adkins, Offutt, Parke, and Walsh, JJ.

*Wirt A. Duvall, Deputy City Solicitor,* with whom were
*Philip B. Perlman, City Solicitor,* and *Paul F. Due, Assist-
ant City Solicitor,* on the brief, for the appellants.

*George W. Lindsay* and *E. Allan Sauerwein, Jr.,* with
whom were *Sauerwein, Lindsay & Donoho* on the brief, for
the appellee.

Parke, J., delivered the opinion of the Court.

Chapter 412 of the Acts of 1924, amending article 56 of
the Annotated Code of Maryland, entitled "Licenses," sub-
title "Motor Vehicles," by adding a new section, reads thus:

"141-A. The commissioner of motor vehicles is
hereby authorized and directed to refuse to issue or
transfer any plate or marker, certificate of registra-
tion or title for any motor vehicle unless he is satis-
fied that all taxes due and in arrears thereon have
been paid. This section shall only apply to applica-
tions made for motor vehicles owned in the City of
Baltimore, and provided that this section shall apply
only in the case of taxes becoming due and in arrears
in the year 1924 and thereafter. Nothing in this act
shall apply to commercial trucks."

The act became effective on June 1st, 1924. Five months
later the appellee, Louis Fine, who was a resident of Balti-
more City, proposed to sell his Hudson automobile, which
was not a commercial truck. In order for him to consum-
mate the sale, the certificate of title to the automobile had
to be assigned by him to the buyer, and the title transferred
to the buyer upon the records of the commissioner of motor
vehicles. Article 56, section 202, of the Annotated Code of
1924. It was, therefore, a condition precedent to the trans-
fer of the title from the seller to the buyer that the appellee
should first satisfy the commissioner of motor vehicles that
all taxes becoming due and in arrears in the year 1924 on

said automobile had been paid. Moreover, if the sale were not made, he could not obtain a license for the automobile in 1925, unless the taxes were paid. Acts of 1924, chapter 412. Code 1924, art. 56, sec. 183.

The appellee had been a resident of Baltimore City for at least five years and the owner of personal property during this period, but he had not paid any of his taxes on the personalty since the year 1919. All the while automobiles formed a part of his personal property. During May, 1923, he disposed of three commercial trucks, and the only motor vehicle he then had left was the Hudson automobile, which he had bought in the year 1921.

The taxes levied in Baltimore City for that municipality and for the State are collected by the collector of taxes for the Mayor and City Council of Baltimore. Baltimore City Charter (1915), sec. 58, p. 90. For the purpose of securing satisfactory evidence of the payment of the taxes becoming due and in arrears on account of the Hudson automobile in the year 1924, the appellee requested of the collector of taxes a separate bill and receipt for the city and state taxes for 1924 on the automobile alone as determined by its assessed value, and tendered himself ready and willing to pay this isolated amount. The collector declined to accept the offer or to give a receipt. He took the position that all, and not a part, of the taxes due and in arrears on account of all the automobiles then and theretofore owned by the appellee should be paid. Instead of paying the taxes demanded, the appellee instituted proceedings against the Mayor and City Council of Baltimore and Charles P. Coady, collector of taxes, petitioning that a writ of mandamus be issued commanding them to accept from the appellee that portion of the taxes due and owing by him for the year 1924, with interest and penalties thereto attached, that would be apportioned to him on account of his ownership of the Hudson automobile. From the final order of the court, directing the issuance of the writ as prayed, the Mayor and City Council of Baltimore and the city collector have taken this appeal.

The points presented on this appeal involve important

practical questions in the administration of revenue laws, and they must be resolved with the realization that chapter 412 of the Acts of 1924 does not affect their operation and enforcement, but simply makes the prepayment of the taxes due and in arrears for 1924 and thereafter on any one of a class of automobiles, owned by residents of Baltimore, a condition precedent to its future operation or change of title. The act prescribes but the one prerequisite. It is silent as to the owner's method of paying the tax and indicates no change in procedure on the part of the officials charged wtih its collection. Inasmuch as the revenue laws are left unaffected by chapter 412, it would seem an unstrained deduction that the General Assembly had viewed with equanimity the probability that the automobile owner would be compelled to pay all his future overdue taxes in order to be able to satisfy the commissioner of motor vehicles of the payment of the fractional part which was attributable to his automobile.

The simple inquiry, therefore, is whether or not the owner of an automobile, which is not a commercial truck, can compel the collector of taxes to accept only that part of the municipal and State taxes which are due and in arrears on all the owner's personalty for the year 1924, that is ascribable to the assessed value of the automobile, and issue to him a receipt for such part so paid, despite the facts, (a) that the residue of the taxes for that year on all his other personal property remains unpaid, and (b) that the taxes for previous years on all his personal property, inclusive for those years of the automobile mentioned, are left unsatisfied.

1. After July 1st, 1924, the taxes for 1924 were in arrears, and carried interest and penalties. When the appellee presented himself on November 10th, 1924, the whole amount, and not a part, of his municipal taxes was due and in arrears. He was, therefore, in default to the extent of the full sum. If his creditor had been an individual, a tender of part of the amount would have been ineffectual, as his creditor would not have been bound to accept less than the whole amount of his demand. *Fridge v. State,*

3 G. & J. 103, 114, 115. Should the debtor, however, owe to the creditor two or more separate and distinct debts, the rule that he is bound to tender the whole amount of a demand does not go so far as to compel him to offer to pay all of these debts; but regards them as several and independent demands, and permits the debtor to elect to pay any one or more of such debts.

Because a tax is a charge imposed upon the taxpayer as an act of sovereignty, without his consent, and for the public use, it is not a debt or of the nature of a debt (*Bonaparte v. State,* 63 Md. 470, 471), yet it is sufficiently similar to afford an analogy in support of the better rule with respect to the payment or tender of taxes. This rule is that, unless otherwise permitted by statute, the whole amount due for any single tax must be paid or tendered; but if there are separate and distinct taxes due, the taxpayer is not compelled to pay their aggregate amount but may pay any one or more of such separate and distinct taxes, at his election. 3 *Cooley on Taxation* (4th ed.), secs. 1251, 1253; *Tracey v. Irvin,* 18 Wall. (U. S.) 549.

2. The valuation of every article of personalty, under appropriate subdivisions, was made by the Appeal Tax Court of Baltimore, and the aggregate of these values constituted the assessment of the appellee that was placed on the annual statement rendered by the court to the city collector and formed the basis upon which taxes for the ensuing fiscal year were assessed and levied against the appellee. This annual statement is given the statutory title of "the taxable basis for the next ensuing year, and after the levy of taxes it should be designated as the tax roll for said year." Charter of Baltimore City (1915), secs. 146 to 171. On this assessment the annual levies for the municipal tax and for the State tax are made, and the results of the computation of the two rates on the appellee's assessment are the respective amounts due by him as the municipal and state taxes for the year. While the two amounts are for state and municipal taxes, yet they constitute, in effect, but one tax, as it is not necessary to proceed separately for the col-

lection of these state and city taxes, because the City Charter expressly provides that "state and city taxes may be claimed, sued for, and recovered in one claim, suit or other proceedings in the name of the Mayor and City Council of Baltimore." Charter of Baltimore City (1915), sec. 58B, p. 90.

It is a necessary consequence of the nature of the obligation of the taxpayer and of these statutory provisions that the yearly taxes due under the single and distinct municipal and state levies, at the ordained and enacted respective rates, upon the same total assessment against the appellee, may constitute but one entire annual demand. But inasmuch as every yearly tax is an independent demand, the claims for two or more years are separate and severable. *Duvall v. Perkins,* 77 Md. 582, 589.

3. The application of these principles to the facts of the case at bar conferred upon the city collector of Baltimore the right to refuse to accept anything less than the amount of taxes due and in arrears for any one year, but did not authorize him to decline to accept the amount due for any one or more years, unless accompanied by the payment of the taxes for all the years for which the taxes were due and in arrears. *Supra.* This rule is not modified by the practice of the city collector to refuse to accept the payment of taxes in arrears for the current year unless all arrearages of taxes on personalty are also paid. We find nothing in law or in statute to sustain this usage. *Taylor v. Forrest,* 96 Md. 529, 531.

The constitutionality of chapter 412 of the Acts of 1924 is before the Court in the pending appeal at this term of *Morris Grossfeld et al. v. E. Austin Baughman, Commissioner of Motor Vehicles,* No. 23 Appeals. But whether or not the act is valid is immaterial on this appeal, as the writ of mandamus was directed to issue for the purpose of commanding an act which the city collector was under no legal obligation to perform. The order must, therefore, be reversed and the petition dismissed.

> *Order reversed and petition dismissed, with costs.*