(No. 5537. July 19, 1930.)

C. R. GRAY et al., Appellants, v. COUNTY OF BOUNDARY et al., Respondents.

[290 Pac. 399.]

E. V. Boughton, for Appellants.

E. W. Wheelan, for Respondents.

LEE, J.—Plaintiffs and appellants, land owners in Boundary county, paid the last half of their duly levied taxes for the year 1925 by delivering to Inez Cave, treasurer and tax collector, their personal checks drawn on the First State Bank of Bonners Ferry. At the time they had ample funds on deposit to pay the checks, had they been presented.

On July 6, 1926, without the checks ever having been presented, the bank closed and was taken over by the Commissioner of Finance. The treasurer and tax collector had issued tax receipts, but took no steps to have them canceled nor did she ever notify any one of appellants that his taxes were in fact delinquent. She was succeeded by Anna Callahan, one of the respondents. The taxes were never declared delinquent nor entered as delinquent as directed by C. S., secs. 3241, 3243 and 3244. But, on September 10, 1929, respondent, Anna Callahan, as county treasurer and *ex-officio* tax collector, mailed to each of appellants a statement notifying them that due to the bank's failure the county had received nothing on the checks and that, unless the face of each check was paid in full or settlement made by September 25th following, the taxes would be declared delinquent and "subject to all penalties provided by statute."

In the interim, the said Inez Cave, as treasurer and tax collector, had begun an action against the bank to secure a preferred claim for the amount of the checks. This action prosecuted by her successor, respondent Callahan, resulted in a judgment against the bank, but on appeal by the bank this court found that the checks had never been presented for payment, but had been merely held by the bank as bailee under an escrow agreement and later returned to the plaintiff treasurer. As to her, the bank was held free of all liability. (*Callahan v. First State Bank,* 48 Ida. 57, 279 Pac. 414.)

In addition, on or about August 28, 1926, the said Inez Cave, as treasurer, secured from the district court of Boundary county an order restraining the bank from in any way reducing, impairing or disbursing the accounts of plaintiffs and appellants. That order is still in force and effect; and Boundary county at all times since has been and still is assuming and exercising exclusive control of said checks and deposits.

Claiming an estoppel against the county by reason of these facts, appellants instituted this suit against respondents, County of Boundary, its treasurer and board of commissioners, primarily seeking a decree abating the said taxes and permanently enjoining the tax collector from conveying by tax deed any property subject to the threatened delinquency. Respondents demurred, generally, and specially. The general demurrer was sustained and upon appellants' refusal to plead further judgment of dismissal was entered; hence this appeal.

There is only one question in this case, to wit: Have these taxes ever been paid? While insisting that they have been paid, appellants plead facts demonstrating conclusively that they have not. As constituting payment, their contention is that they delivered the treasurer checks to cover which they had at the time sufficient funds in the bank. This is no payment. "All taxes must be paid in lawful money of the United States." (C. S., sec. 3233; *Haas v. Misner*, 1 Ida. 170; *Crutcher v. Sterling*, 1 Ida. 306; *Vial v. Paradis*, 44 Ida. 157, 53 A. L. R. 191, 255 Pac. 643.) This is a contest between taxpayers individually liable in the first instance and the County of Boundary. No rights of innocent third parties are involved. It was the duty of appellants to pay their taxes by delivering to the tax collector "lawful money of the United States"; and this obligation could not be discharged by delivering to the officer written orders upon their debtor, the First State Bank, leaving to the officer the further business of reducing the orders to cash.

For the failure of the officer to present the checks promptly, estoppel is urged. While it is true that the delay in presentation inured to the damage of appellants, such dereliction furnishes no element of estoppel against the county. It owed appellants no duty whatever other than to receipt for actual money received and make the proper entries; and it cannot be estopped by the failure of its officer to do what was by law forbidden and what it could not reasonably contemplate the officer would undertake.

The question of the rights of appellants to their deposits in the hands of the bank commissioner is not before us. Although it appears that the county in conjunction with its treasurer has assumed and exercised control over such deposits, that fact cannot affect the liability of appellants for the taxes, in whole or in part. A specific item of taxes cannot be paid piecemeal; and there is nothing in the record to disclose whether or not the sum in the commissioner's hands is sufficient to pay the checks in full. Such being the case, it is not shown that the present holder of the checks could ever realize their face value. Therefore, there is nothing to support appellants' contention that the taxes are in equity paid. The situation, exasperating as it is, is primarily due to appellants' default at the outset in entrusting to others under no obligation to them the matter of detail exclusively imposed by statute upon themselves.

Judgment affirmed. Costs to respondents.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.