# STATE ex rel. STATE TAX COMMISSION OF UTAH v. EVANS, County Treasurer of Weber County.

No. 5256.   Decided December 26, 1931.   (6 Pac. [2d] 161.)
Rehearing denied March 25, 1932.

*J. A. Howell, of De Vine, and Howell & Stine* and *J. A. Hendricks,* both of Ogden, for plaintiff.

*Geo. P. Parker,* Atty. Gen., and *Wm. A. Hilton,* Dep. Atty. Gen., for defendant.

FOLLAND, J.

This is an application for a writ of prohibition to prohibit the defendant as county treasurer of Weber county from accepting payments on account of general taxes levied by Weber county in amounts less than the full amount of such taxes so levied against each parcel of property owned by a particular taxpayer or in which he is interested, and to prohibit him from computing or charging a penalty for delinquency on any amount less than the full amount of the taxes levied against each parcel of property or the interest therein which is separately assessed, and from selling to the county any such parcel or interest to pay any sum less than the full amount of taxes levied against the same and the full penalty of three per cent of the amount of such taxes, where the treasurer has, before delinquency, accepted part, but not the full amount, of such taxes levied and assessed. The application is made by the state tax commission of the state of Utah which is charged by the law and Constitution of the state with the duties of administering and supervising the tax laws of the state, and it is alleged by the plaintiff that the county treasurer of Weber couny has accepted and received, and threatens to and will continue to accept and receive, from owners of real property, sums less than the full amount of taxes duly and regularly assessed against such property, and has credited and will continue to credit

such sums on account of taxes so levied and assessed, and that said treasurer threatens to and will sell such property to the county for the amount of such taxes remaining unpaid with penalty and costs computed on such amount.

To the petition, the defendant has filed a general demurrer which of course admits all of the allegations of fact well pleaded in the petition. No question is raised as to the authority of the state tax commission acting for the state to bring the action. It is undisputed that the defendant is the duly elected, qualified, and acting treasurer of Weber county. That the taxes upon the property in Weber county have been properly levied and assessed is not in dispute; but the action relates wholly to the matter of collection of such taxes in the manner indicated.

It is claimed by the plaintiff that the statutes require the county treasurer to collect the taxes due, and that the term "taxes due," as used in the statute, means the aggregate of all taxes due from all property; and when that term is used in connection with a specific piece of property or individual it means the total tax due from that individual or property, and thereby excludes any right or power of the county treasurer to accept on account any portion less than the whole of such tax. It is contended that the treasurer in accepting and threatening to continue to accept partial payments of taxes has transgressed his powers, since there is no specific provision made in the statutes for partial payments, and that by doing so he jeopardizes the interest of the state of Utah and other taxing bodies because his action in such respect and the sale of the property for the remainder of the tax would or might invalidate the tax sale for the remainder of the tax unpaid, and also that such a practice would disarrange and not be in harmony with the set-up of books and bookkeeping kept and required to be maintained by the taxing and tax collection officials of the state, which bookkeeping system it is said contemplates full payment of each separate item, and not partial payment. The following sections of the statute are referred to and re-

lied upon as applicable and subject to construction, to wit: Comp. Laws Utah 1917, §§ 6010, 6011, 6012, and section 6015, as amended by Laws of Utah 1923, c. 97, p. 178; § 6016, and §§ 6018, 6020 as amended by Laws of Utah 1921, c. 139, p. 382; § 6021 as amended by Laws of Utah 1921, c. 139, p. 382; § 6023 as amended by Laws of Utah 1919, c. 122, p. 339; §§ 6024 and 6051. We deem it unnecessary to set out these provisions at length, but merely refer to the specific language of some of them.

Section 6010 directs what shall be done by the county treasurer upon receipt of the assessment roll, and provides "he shall proceed to collect taxes" and to furnish each taxpayer with notice of the amount of the tax assessed against him, "which shall set out the aggregate amount of taxes to be paid."

Section 6011 requires the treasurer to mark the date of the payment of any tax in the assessment book opposite the name of the person paying.

Section 6012 provides that "The county treasurer must give a receipt to the person paying any taxes, specifying therein the amount of the assessment, the description and kind of property assessed, and the aggregate amount of taxes paid. * * * County warrants shall be taken in payment of county taxes, city warrants in payment of city taxes, and school district warrants in payment of district school taxes; provided, that state school taxes, county school taxes, and sinking funds shall be paid in cash."

Section 6015, as amended by Laws 1923, c. 97, provides that taxes "shall be due on the third Monday in September in each year, and at 12 o'clock noon on the 30th day of November, or if the 30th is Sunday or a holiday, then at 12 o'clock noon on the 29th day of November of each year, all unpaid taxes are delinquent," and further that "all delinquent taxes shall be subject to a penalty of 3 per cent of the amount of such taxes." In this section, it is also provided that any board of county commissioners, on petition of not less than 100 taxpayers, may, by proclamation, extend

the time when taxes shall become delinquent to 12 o'clock noon on the 20th day of December. It is alleged and admitted that such proclamation was made by the county commissioners of Weber county extending the time for the payment of the 1931 taxes.

Section 6016 provides for the publication of the delinquent list which must contain the names of the owners and the description of the property delinquent with "the amount of taxes due, exclusive of penalty."

Section 6018, as amended by Laws 1921, c. 139, provides for the sale by the county treasurer of "all delinquent real estate to pay the taxes, penalty and costs for which such real estate is liable."

Section 6020, as amended by Laws 1921, c. 139, provides for the making and delivery to the purchaser of a certificate of sale, which must contain a description of the property sold, and state the "aggregate amount of taxes due on said property   *   *   *   together with the penalty and costs."

Section 6051 provides what steps must be taken by the property owner in case of protest with respect to the validity of any tax, in whole or in part, and, on receipt of notice of such protest, the treasurer may either "sell the property assessed for the whole amount appearing upon the assessment book" or withdraw the property from sale and report the matter to the board of county commissioners.

We have quoted only such parts of the statutes using language which it is claimed require the holding that the treasurer must accept all or none of the tax levied upon any specific piece of property or individual.

It is clear from the provisions of the statute that the county treasurer is required to collect all the taxes that are assessed, and, with the exception indicated in section 6010, such taxes are to be paid in lawful money; and that the tax lien is not discharged nor satisfied until the taxes are paid in full or the property sold for the payment thereof. The county treasurer is undoubtedly required to proceed according to the provisions of law to make collections of

all taxes, and, after date of delinquency, to advertise all delinquent property for sale, and to sell the same as provided by law for the delinquent taxes.

The language of these sections does not require the treasurer to accept less than the whole of any specific tax levied, nor does it directly nor by implication say that he may not do so. The greater includes the less; and, while he is required by law to collect all the taxes, he may, in pursuance of his duty, collect only part, since that may be all that he is able to collect. Where he has collected only part of any tax assessed, he must give credit to the taxpayer for such part. There is not anything he may do by the acceptance of partial payment which will in anywise invalidate or destroy the lien upon the property assessed. The plaintiff cites and relies upon the statement in 3 Cooley on Taxation (4th Ed.) § 1253, which says that "unless directed by statutes the tax collector is not obliged to take payment of a given tax in installments." This is undoubtedly the law, and it is not here contended by the defendant that any taxpayer has a right to require the county treasurer to receive anything less than the total tax upon any specific property. All that is contended is that the county treasurer may, if he is satisfied the best interests of the state and other taxing units are served thereby, receive payments on account. Petitioner also cites 37 Cyc. p. 1164, wherein it is said "The law ordinarily intends that taxes shall be paid in full at one time, and unless it is otherwise provided by statute, a taxpayer cannot tender a portion of the tax due and demand a receipt therefor." The following cases are cited in the note as supporting the above statement: *Osborn* v. *Searles*, 156 Ill. 88, 40 N. E. 452; *Julien* v. *Ainsworth*, 27 Kan. 446; *New Orleans Warehouse Co.* v. *Marrero*, 106 La. 130, 30 So. 305; *Harrington* v. *Dickinson*, 155 Mich. 161, 118 N. W. 931, 932; *Sayers* v. *O'Connor*, 124 Mich. 256, 82 N. W. 1044. Plaintiff in its brief also cites and relies upon the following cases: *Gray* v. *Boundary County*, 49 Idaho 589, 290 P. 399, 400; *Bridges*

v. *Hurlbut*, 91 Or. 262, 178 P. 793; *People* v. *Kimmel*, 323 Ill. 261, 154 N. E. 97; *Mayor & City Council of Baltimore* v. *Fine*, 148 Md. 324, 129 A. 356; and *Auld* v. *McAllaster*, 43 Kan. 162, 23 P. 165. An analysis of these cases clearly indicates that they are not directly in point on the question involved in this case, but sustain the general proposition that a taxpayer cannot require the collector of taxes to accept partial payments, nor require him to give a receipt and discharge the tax lien in whole or in part upon payment of anything less than the total amount of tax assessed. In *Osborn* v. *Searles*, supra, the owner of various tracts of land on which the total tax amounted to $473 gave the tax collector $250 in cash without directing the application thereof to any particular parcel, intending to pay the balance in county warrants, which he afterward did. Before he did so, the holder of color of title paid the taxes in full and obtained a receipt therefor. The holding was that the taxes on none of the land were paid by the owner until final settlement. In *Julien* v. *Ainsworth,* supra, it was held that "the county treasurer cannot be compelled to receive taxes by piecemeal, nor obliged to give any receipt unless a full payment is made. Any other rule would throw a great burden on the officer, beside casting into the county records great confusion." The law of Kansas made provision for payment of taxes in two installments, and this was relied upon as an additional ground for the decision that the taxpayer had no right to pay his taxes in any other or different proportions than as provided by law. It is apparent, however, from the case that the point raised here was not there decided. The county treasurer of Weber county in choosing to accept partial payments has undoubtedly devised a way of conducting his bookkeeping to avoid either additional expense or confusion. In the Kansas case, the taxpayer insisted upon the right to make his partial payments against the objection of the collector, whereas here the treasurer is willing to accept such payments and give credit on the tax for the amount so paid. *New Orleans Warehouse Co.*

v. *Marrero,* supra, held that a tax debtor may not arbitrarily select a given sum out of the total amount of taxes which the rolls show he owes and expect the tax collector to receive it as partial payment; but it is there indicated that had the proper amount of tax been tendered, based upon the taxpayer's theory of the amount he contended he owed, it would have been the collector's duty to accept it as partial payment, and that the court would have recognized its deposit in court as a partial payment, and relieved the taxpayer of penalties. In *Harrington* v. *Dickinson, supra,* the statement is made "neither is there any authority of law for paying taxes in installments," and citing in support thereof *Sayers* v. *O'Connor,* supra, which case decided merely that the collector is not obliged to take payment of a given tax in installments. The taxpayer had paid a part of the tax; but, upon his failure to pay the balance before the delinquent date, the amount paid was returned to him. The court held the payment did not affect the tax lien on the land for the entire tax, nor invalidate a sale of land for failure to pay the tax. *Gray* v. *Boundary County,* supra, involved the question of whether taxes paid by checks, drawn on a bank which failed before the checks were presented, was payment of the tax. The court in its decision used the language "a specific item of taxes cannot be paid piecemeal"; but, as we understand the case, this statement was not necessary to a decision. The only point decided was that the tax was not paid by the checks, notwithstanding a receipt was given therefor, and the failure of the county treasurer to present the checks promptly did not estop the county from claiming nonpayment of the taxes after failure of the bank. *Bridges* v. *Hurlburt,* supra, held that a suit to enjoin the collection of any tax in excess of the balance alleged due cannot be maintained without tendering and bringing into court the tax admitted to be due, and that the sheriff is not authorized to collect less than one-half of the tax due where provision is made by statute for the payment of taxes in two installments. An agent of the

taxpayer delivered the taxpayer's checks together with his own worthless check in payment of taxes. Upon discovery of the deceit, the sheriff returned the worthless check, together with the money received on the good check, to the agent and recovered his receipt. It was held that under these circumstances the taxpayer could not claim credit for the partial payment represented by the good checks in discharge of one-half of the year's taxes. In *People* v. *Kimmel*, supra, taxes amounting to $965.45 were levied against the stock of lumber owned by plaintiffs as lumber merchandise. They claimed the amount as excessive in comparison with the amounts levied against their competitors. They paid $625, the amount they claimed they should pay in comparison. Payment of the balance was demanded and refused, and an action for debt brought to recover it. The lower court gave judgment against the defendant for the balance of $340.46. The Supreme Court of Illinois held that a proportion of the tax levied to the amount of $86.93 was void, but directed judgment for the balance. The effect of this case makes rather in favor of the defendant, since part of the tax levied was received and credited upon the total amount due. The method of enforcing the tax lien in that state was different from the method provided in this state, but with that exception the case involves substantially the same situation we have here. In the case of *Mayor & City Council of Baltimore* v. *Fine*, supra, suit was brought to require the assessor to segregate an automobile tax from the tax on other personal property, so that plaintiff could pay the automobile tax and transfer his certificate of registration. The tax had become delinquent, and the penalties for delinquency had already accrued on the entire assessment. The case therefore throws no light upon the situation before us. *Auld* v. *McCallaster*, supra, involved the question of the authority of the county treasurer to receive payment from the owner of an undivided part of a particular tract of land and to sell the remaining undivided interest for nonpayment of taxes. The court held the sale of the

undivided one-half interest invalid. The case is not helpful in view of our statute, section 6018 as amended, which provides that the owner of an undivided interest may pay the tax on such interest, and that the other undivided interest may be sold for nonpayment of the tax on such interest.

It is argued that the acceptance of partial payments by the county treasurer will disarrange the bookkeeping system in his office and impose additional cost by reason of the increased number of entries required to be made. This argument is sufficiently answered by the fact that there is no allegation in the petition that such would be the result. It is also met by the willingness of the county treasurer to assume any additional burden that may follow from such a practice. Since the treasurer cannot by a taxpayer be required to accept less than the whole of any specific tax, it would follow that, should such practice impose an undue burden of expense or labor or disarrange the bookkeeping system of the county, he may at any time discontinue accepting such payments. Undoubtedly the treasurer will by proper regulation control the amount or proportion of the tax which he will receive, and thus avoid accepting such trifling amounts as would impose an undue burden upon his office. His conduct in this respect will not be subject to criticism if it is free from partiality and capriciousness, and if all taxpayers are treated in substantially the same manner.

We are unable to see that the acceptance of taxes in partial payments will be injurious to the state and other taxing units, deprive them of their security, or invalidate the sale of the property for the remainder of the tax unpaid. True, the penalty which will accrue will not be so large, since this must be computed upon the amount of the tax remaining unpaid at the delinquent date. *Northern Pacific R. Co.* v. *Franklin County*, 118 Wash. 117, 203 P. 27. In the event part of a tax levied against any particular property is paid before the tax becomes delinquent, and the remainder with the statutory penalty is

380

afterward collected either by payment or upon sale of the property, the taxing units will receive all they are entitled to. If partial payments are accepted, the taxing units will have the benefit of the use of such sums of money as are paid, and the money will be available to pay the expenses of government. There will also be an advantage to the taxpayer, in that when he pays a part of the tax he will suffer the penalty only on the amount remaining unpaid and delinquent, and will thereby be better able to redeem his property from the tax lien or sale, and thus save it from loss. In times of economic distress, this method of collection should inure to the benefit both of the taxpayer and the state and local governments.

In *Jungk* v. *Snyder*, 28 Utah 1, 78 P. 168, 170, it was said:

"This court, following the great weight of authority, has held in a number of cases that, as tax sales are made exclusively under statutory authority, the provisions of the statute conferring such authority must be fully complied with, and any substantial departure therefrom, prejudicial to the owner of the property, will invalidate the sale."

The acceptance of a part payment on a tax is not a substantial departure from the requirements of the statute, and, even if it were, it could not be held prejudicial to the rights of the owner. Where payment of a portion of the tax due is made by the owner and received by the treasurer for the convenience and benefit of the owner, he is in no position to thereafter question the regularity of the proceeding or to assert that he has been prejudiced thereby.

Property assessed for taxation is not relieved of the lien until the tax is paid or the property sold. Comp. Laws Utah 1917, §§ 5995 and 5997; *Union Central Life Ins. Co.* v. *Black*, 67 Utah 268, 247 P. 486, 47 A. L. R. 372. Such decisions as have been called to our attention announce the rule dictated by common sense and experience, that, whenever and for whatever reason a payment has been made on account of any tax, the amount paid

must be credited on the total amount due, and the lien for the balance of the tax continues in full force on the taxed property. *People* v. *Kimmel,* supra; *Union School District of Guilford* v. *Bishop,* 76 Conn. 695, 58 A. 13, 66 L. R. A. 989; *State* v. *President, etc., of Waldo Bank,* 20 Me. 470; *State ex. rel. Brown* v. *Union Trust Co.,* 92 Mo. 157, 6 S. W. 867; *Commonwealth* v. *Louisville & N. R. Co.,* 104 S. W. 267, 31 Ky. Law Rep. 819.

Payment alone discharges the obligation for taxes, and, until payment, the state may proceed by all proper means to collect the tax. *Plankinton Packing Co.* v. *Wisconsin Tax Comm.,* 198 Wis. 368, 224 N. W. 121.

While a tax is a charge imposed upon the taxpayer as an act of sovereignty without his consent and for a public use, and is therefore not in the nature of an ordinary debt, it is still sufficiently similar to afford an analogy to the acceptance of part payment on a debt, especially where such debt is reduced to judgment. *Mayor & City Council of Baltimore* v. *Fine,* supra. The judgment creditor undoubtedly has the right to receive and credit upon the judgment debt any partial payment which may be tendered, although he is not obliged to accept less than the whole amount due. Likewise any amount obtained by execution or garnishment must be credited upon the judgment debt. No such payment operates to discharge the judgment debt or the lien for the amount remaining unpaid.

A case in point is *State* v. *Central Pocahontas Coal Co.,* 83 W. Va. 230, 98 S. E. 214, 219. There a tract of land in joint ownership was assessed as a unit, and one of the joint owners paid the proportion of the tax that his undivided interest bore to the whole. Notwithstanding this payment, the property was sold for the tax. The court said:

"Undoubtedly under the decisions above cited the state's lien for taxes existed on every part of this tract of land even after the payment of one-eighth of the taxes by one of the interested parties. That only reduced the amount which the state was entitled to collect, and

did not in any wise affect the security or change the lien existing thereon, and when this land was sold in satisfaction of this lien and purchase by the state, the state purchased all of the land upon which the lien existed."

It is argued by petitioner that certain language in section 6051 is controlling as indicating that all or none of a specific tax must be paid because in such section it is provided that the owner of property advertised for sale for delinquent taxes may give six days' notice █ to the county treasurer of his protest in writing against the sale, claiming that the assessment is void in whole or in part, and, that when this is done, it is the duty of the treasurer "either to sell the property assessed for the whole amount appearing upon the assessment book, or to withdraw the property from sale, and report the case to the board of county commissioners for its directions." It is further provided that the board of county commissioners may then either direct foreclosure of the lien by action, which proceeding is therein authorized, or direct the treasurer to proceed with the sale. This language has reference to taxes which have not been paid and are delinquent, and is entirely appropriate to the situation there presented. There is noting in this language which would prevent a county treasurer from receiving before delinquency partial payments on a tax which is not protested for invalidity. However, in section 6093 it is provided that no injunction shall be granted by any court to restrain the collection of any tax or part thereof, nor to retrain the sale of any property for nonpayment of tax, except where the tax or some part thereof is illegal or not authorized by law, or the property is exempt from taxation; and is further provided "If the payment of a part of a tax is sought to be enjoined, the other part must be paid or tendered before action can be commenced." This language not only recognizes that the word "tax" as used in the statute refers to an obligation which may be divisible, but requires that, before suit is brought to enjoin the collection of the tax

or a part thereof which is clamed to be illegal, the valid part of such tax must be paid or tendered before action is commenced.

Our conclusion therefore is that while no taxpayer has the right to require or compel a county treasurer to accept less than the whole of the tax levied against a separate parcel of property, except as provided by Section 6093, yet the county treasurer may in his discretion ▮ accept part payment and credit the same upon the tax assessed, and, when that is done, if any part of the tax remains unpaid on the delinquent date, the treasurer must proceed, as provided by law, to sell the property for such unpaid tax, and the penalty provided by law must be computed upon the amount of the tax remaining unpaid and delinquent, and interest after sale must be computed upon the amount for which the property was sold.

One other question, however, presents itself on the pleadings which has not been argued either in the briefs or in oral argument. By the State Constitution and by statute, the tax commission is vested with the power and the duty to administer and supervise the tax laws of the state. It is alleged in the petition that, pursuant to this authority, the commission had before commencement of this action instructed the defendant to comply with the law respecting the collection of taxes, and in particular to refrain and desist from accepting and receiving payment on account of taxes, and from selling the property assessed for delinquent balances in the manner in which it is alleged he has been receiving partial payments, and that the defendant has refused to comply with such instructions.

In presenting and submitting the case for decision, this particular question was not called to our attention, and no discussion made or had with respect thereto; but counsel have urged that the acts of the defendant be prohibited and restrained on wholly other and different grounds. We shall treat such averments, so far as the decision of this case is concerned, as not having been relied on and as

waived. We do not therefore decide what power or authority the state tax commission has or had to direct or control the county treasurer in the exercise of his discretionary power in respect to the particular matters herein involved.

The application for a writ of prohibition is denied.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSEN, JJ., concur.