In re BUDGET BUILDERS, Inc.,
BUDGET BUILDERS, Inc. v. STATE TAX
COMMISSION

No. 7607.   Decided March 26, 1951.   (229 P. 2d 305.)

See 61 C. J. Taxation, Sec. 1054. Corporate taxation, see note 51 Am. Jur. 12.

*Thomas & Armstrong*, Salt Lake City, for appellant.

*Don J. Hanson, C. M. Gilmour and Leland S. McCullough*, Salt Lake City, for respondent.

ELLETT, District Judge.

The main question involved in this appeal is whether a dissolving corporation can have its tax liability determined in the district court when the State Tax Commission refuses to give it a tax clearance.

The appellant, Budget Builders, Inc., a corporation, hereafter referred to as the Corporation, duly filed in the district court its petition for dissolution. The State Tax Commission, hereafter designated as the Commission, would not give a tax clearance, and on September 15, 1950, by amended petition, the Corporation set forth among other things that it had filed franchise tax (income tax) returns for the two years of its existence; that a loss was sustained during each year; and that it had paid a tax of 1/20 of one per cent of the fair value of its tangible prop-

erty; that all taxes, penalties, interests, and costs against the Corporation had been paid, and particularly all corporate franchise taxes (income taxes) for the years 1948 and 1949 had been paid; that after the dissolution proceedings were commenced and notwithstanding that all corporate franchise taxes were satisfied and discharged, the Commission nevertheless refused to give a tax clearance until the Corporation would pay a deficiency tax of $1,454.28 for the year 1948 and $1,533.04 for the year 1949; that the deficiency claimed by the Commission was calculated upon a profit made by the individual stockholders and not upon a profit made by the Corporation; that notice of the claimed deficiency was mailed to the Corporation on August 25, 1950, less than one month prior to the date of the amended petition.

The Corporation prayed for a determination of its tax liability by the court. The Commission moved to dismiss the amended petition on the following grounds:

1. The amended petition shows the court lacks jurisdiction of the subject matter.

2. The court lacks power to review the actions of the Tax Commission and to redetermine the franchise tax of the corporation for 1948 and 1949.

3. The petition fails to state facts on which the relief prayed for can be granted.

The court below granted the motion of the Commission and dismissed the amended petition and the order to show cause issued pursuant thereto.

The new Rules of Civil Procedure in Utah, Rule 7, abolished demurrers, pleas, and exceptions for insufficiency, and substituted therefor motions to dismiss. A demurrer always admitted as true all material allegations well pleaded. *Thomas* v. *Blythe*, 44 Utah 1, 137 P. 396; *State*

*ex rel. State Tax Comm.* v. *Evans,* 79 Utah 370, 6 P.2d 161, 84 A. L. R. 766; *Kramer* v. *Pixton,* 72 Utah 1, 268 P. 1028; *Higgins* v. *Glenn,* 65 Utah 406, 237 P. 513.

Our new rules were taken from the Federal Rules of Civil Procedure, 28 U. S. C. A., and under the Federal rules it has been held that a motion to dismiss admits the material allegations of a pleading. *Porter v. Karavis,* 10 Cir., 157 F. 2d 984. Hence the Commission admitted that ■ it had refused to grant a tax clearance to the Corporation when it moved to dismiss the petition and order to show cause.

Prior to 1945 the law prevented the dissolution of a corporation until a certificate from the State Tax Commission was furnished to the court.

Section 104—62—6, U. C. A. 1943, then provided as follows:

"After the time for publication has expired, the court may, upon five days' notice to the persons who have filed objections, or without further notice, if no objections have been filed, proceed to hear and determine the application; and, if all statements therein made are shown to be true, must declare the corporation dissolved. However, in no instance shall the court declare the corporation dissolved until proof, in the form of a certificate from the state tax commission, has been filed by the corporation applying for dissolution that all fees, taxes, penalties, interest and costs due the state have been satisfied and discharged."

The legislature amended the above section in 1945 to read:

"After the time for publication has expired, the court may, upon five days' notice to the persons who have filed objections, or without further notice, if no objections have been filed, proceed to hear and determine the application; in case objections are filed protesting the dissolution of the corporation, the court shall hear the said objections; and if said court determines that the objections are well taken, then, in the event that the objections represent a cause of action against the ocrporation, suit shall be brought against the corporation within thirty days from the date the court has issued its findings respecting such objections, or otherwise the objections shall be no bar to the dissolution of said corporation. Upon the proper disposition of the objections raised, or if all statements made in the

application for dissolution are shown to be true, the court must declare the corporation dissolved. However, in no instance shall the court declare the corporation dissolved until proof, in the form of a certificate from the state tax commission, has been filed by the corporation applying for dissolution that all fees, taxes, penalties, interest and costs due the state have been satisfied and discharged. If the said state tax commission refuses or fails to give such tax clearance within ninety days from the request therefor by the dissolving corporation and from the date of filing of a verified copy of the resolution hereinafter referred to, the court may, upon request from the corporation or upon its own motion, require the tax commission to appear in the proceeding and show cause at a time appointed by the court, why the corporation should not be allowed to be dissolved. The court shall thereupon determine the tax liability of the corporation, and upon payment of any sums found by the court to be due to the tax commission, the court shall order the corporation dissolved. The tax liability of the corporation shall be determined as of the date the corporation formally resolved in a proper resolution to quit doing business as a corporation, *provided, however*, that if a corporation does business other than in the normal course of liquidation, and winding-up its affairs, after the date determined in said resolution, the tax liability of said corporation shall be fixed as of the date the corporation actually ceased doing business. The corporation shall furnish to the secretary of state and to the state tax commission a verified copy of the resolution showing the date when the corporation resolved to cease doing business."

It was pursuant to the amendment that an order to show cause was requested by the Corporation.

The Commission argues that under Sec. 80—13—48, U. C. A. 1943, a district court has no jurisdiction to hear and determine tax liability. That section reads:

"No court of this state, except the supreme court, shall have jurisdiction to review, reverse or annul any decision of the tax commission, or to suspend or delay the operation or execution thereof."

We are unable to see any conflict between the sections above quoted. In case the Commission has made a determination of the tax liability of a corporation and that determination has become final, the district court would of necessity fix the tax liability of the dissolving corporation according to the decision of the Commission. However, before there can be a *decision* of the Commission, there must be a compliance with certain sections of our statutes.

Section 80—13—36, U. C. A. 1943, provides:

."(1) If the tax commission determines that there is a deficiency in respect of the tax imposed by this chapter, the tax commission is authorized to send notice of such deficiency to the taxpayer by mail, postage prepaid. Such notice shall set forth the details of the deficiency and the manner of computing the tax. Within sixty days after such notice is mailed the taxpayer may file a petition with the tax commission for a redetermination of the deficiency."

After the above-mentioned notice of deficiency is mailed, a taxpayer may within sixty days file a petition with the Commission for a redetermination of the deficiency. Sec. 80—13—36 above.

Section 80—13—38 reads as follows:

"If a petition for a redetermination of a deficiency has been filed by a taxpayer, notice and an opportunity to be heard shall be given to the taxpayer, and after hearing a *decision* shall be made as quickly as practicable."

The emphasis is added by us to call attention to the fact that prior to this hearing there is no decision of the State Tax Commission.

Sections 80—13—46 and 80—13—47, U. C. A. 1943, provide as follows:

"80—13—46. Decision of Tax Commission—When Final.

"Every decision of the tax commission shall be in writing, and notice thereof shall be mailed to the taxpayer within ten days, and all such decisions shall become final upon the expiration of thirty days after notice of such decision shall have been mailed to the taxpayer, unless proceedings are thereafter taken for review by the supreme court upon writ of certiorari as hereinafter provided, in which case it shall become final, (1) when affirmed or modified by the judgment of the supreme court; (2) if the supreme court remands the case to the tax commission for rehearing, when it is thereafter determined as hereinabove provided with respect to the initial proceedings.

"80—13—47. Id. Review by Supreme Court.

"Within thirty days after notice of any decision of the tax commission, any party affected thereby may apply to the supreme court for a writ of certiorari or review for the purpose of having the lawfulness of such decision inquired into and determined. Such writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the tax commission to certify its record, which shall include all the proceedings and the evidence taken in the case, to the court. Upon the

hearing no new or additional evidence may be introduced, but the cause shall be heard on the record before the tax commission as certified to by it. The decision of the tax commission may be reviewed both upon the law and the facts, and the provisions of the code of civil procedure relating to proceedings in the supreme court shall, so far as applicable and not in conflict with this chapter, apply to the proceedings in the supreme court under the provisions of this section."

It will be noticed that a *decision* must be in *writing*. The statute which prohibits any court except the supreme court from reviewing, reversing, or annulling a *decision* of the State Tax Commission refers to this written decision. Section 80—13—48 set forth above follows Sections 80—13—46 and 80—13—47 and must be read as a part of those two sections and not as if it stood alone.

Now, if a corporation in process of dissolution desires to contest a proposed deficiency, it may avail itself of the provisions of the statutes above set forth and may petition the State Tax Commission for a redetermination of any proposed deficiency and may appeal to the supreme court of Utah if not satisfied with the decision rendered. However, we think the legislature recognized that this procedure might result in delays which a corporate taxpayer in process of dissolution might not be able to endure without undue hardship; and to speed up the proceedings in dissolution, the 1945 amendment was passed to permit the district court to hear the petition to determine the tax liability in case the corporate petitioner elected to have it do so.

We hold that the district court does have authority under the statutes to determine the tax liability of a corporation which has petitioned for dissolution when application is made before a proposed deficiency becomes final by failure to ask for a redetermination or before the corporate taxpayer makes its election to have the State Tax Commission determine its liability by filing its petition for a redetermination of the deficiency.

It follows that the lower court erred in dismissing the amended petition and the order to show cause. This case is remanded, and the lower court is directed to reinstate the amended petition and order to show cause and to determine the tax liability, if any, of the appellant corporation. The appellant is awarded its costs on this appeal.

WOLFE, C. J., and WADE, LATIMER and McDON-OUGH, JJ., concur.

CROCKETT, J., being disqualified, did not participate herein.